## KING *v.* THE STATE.

No. 7947. MARCH 13, 1931.

(See 163 *Ga.* 313, 166 *Ga.* 10, 169 *Ga.* 15.)

*W. E. Watkins, H. M. Fletcher,* and *Joel B. Mallet,* for plaintiff in error.

*George M. Napier, attorney-general, Frank B. Willingham, solicitor-general, T. R. Gress, assistant attorney-general,* and *C. L. Redman,* contra.

PER CURIAM. The defendant made an extraordinary motion for new trial. The judge declined to entertain the motion, and the defendant presented a bill of exceptions. The judge refused to certify the same, and the defendant applied to this court for a mandamus to require the judge below to do so, which this court granted. In his answer the judge based his refusal to certify upon the ground that the bill of exceptions was presented to him in vacation and not in term time. Upon the hearing of the mandamus this court held that this contention was not well founded, and that the bill of exceptions was presented to the judge in term time. Thereupon this court made the mandamus absolute. Thereafter the judge certified the bill of exceptions. In this stage of the case the only thing to be considered and decided by this court is whether the judge erred in declining to entertain the extraordinary motion for new trial. By the grant of the mandamus this court held that there was enough in the motion to require the judge to entertain it. This court is of the opinion that the newly discovered evidence would authorize the grant of a new trial, and that the action of the judge in declining to entertain the extraordinary motion for new trial can not be sustained upon the ground that it was without merit. So we remand the case with direction that the judge consider and pass upon the motion.

*Judgment reversed. All the Justices concur, except Beck P. J., and Gilbert, J., who dissent.*

RUSSELL, C. J., concurring specially. The result reached in this case was unforeseen by the writer at the time that he voted to grant the mandamus absolute. He was of the opinion that if this mandamus should be granted at all (as he thought it should be), it would be a review of the entire proceeding in the lower court under the power conferred upon this court by the Civil Code, § 6103. Now, merely as a means of speeding the adjudication in this long protracted litigation, I agree to an order which in my opinion is not in harmony with the prior proceedings as they appear of record in this court.