KING *v.* THE STATE.

No. 8454.  FEBRUARY 18, 1932.  REHEARING DENIED MARCH 2, 1932.

*W. E. Watkins, H. M. Fletcher,* and *Joel B. Mallet,* for plaintiff in error.

*George M. Napier, attorney-general, Frank B. Willingham, solicitor-general, T. R. Gress, assistant attorney-general,* and *C. L. Redman,* contra.

HINES, J.  This is the fourth appearance of this case in this court.  *King* v. *State,* 163 *Ga.* 313, 166 *Ga.* 10 (136 S. E. 154); 169 *Ga.* 15 (149 S. E. 650).  When this case was here upon its first and second appearances, this court reversed the judgments of the trial court refusing the defendant a new trial upon his motions therefor; and new trials were granted to him.  On a third appearance of the case in this court the defendant's writ of error, in which he excepted to the judgment of the trial court overruling his motion for new trial, was dismissed for want of jurisdiction in

this court to pass upon the same. Thereafter the defendant made an extraordinary motion for new trial, which the trial judge refused to entertain. Upon application of the defendant this court granted a mandamus nisi calling upon the judge to show cause why he should not certify the bill of exceptions presented to him by the defendant, and in which the defendant sought to review the judgment refusing to entertain the extraordinary motion for new trial. In his answer the trial judge set up that he refused to certify the bill of exceptions upon the ground that it was presented to him in vacation and not in term time. Upon the hearing of the application for mandamus this court held that this contention of the judge was not well founded, and made the mandamus absolute. Thereafter the judge certified the bill of exceptions. In this stage of the case this court decided that the only question for decision by this court was whether the trial judge erred in declining to entertain the extraordinary motion for new trial. This court held that the newly discovered evidence would authorize the trial judge to grant a new trial, and that the declination of the trial judge to entertain the extraordinary motion for new trial could not be sustained upon the ground that it was without merit. Thereupon this court made the mandamus absolute and remanded the case with direction that the trial judge consider and pass upon the extraordinary motion for new trial. *King* v. *State,* 172 *Ga.* 508 (158 S. E. 2).

The extraordinary motion for new trial contains ten grounds. The first of these grounds is based upon newly discovered evidence of R. E. Logue and his wife. In the second, third, fourth, and fifth grounds thereof the defendant insists that he was not legally tried and convicted. This contention is based upon the ground that a majority of this court, when it first had under consideration the defendant's writ of error dealt with in 169 *Ga.* 15, decided that certain grounds of his last ordinary motion for new trial were meritorious, and that this court would have granted him a new trial but for the fact that this opinion was withdrawn and the writ of error dismissed for the reason that this court was without jurisdiction to entertain it, due to the fact that the bill of exceptions was not sued out within the time required by law, which was necessary to give this court jurisdiction of his case. In this situation the defendant deduces the conclusion that he has been sen-

tenced to be electrocuted without a legal verdict, contrary to our statute which prohibits judgment of conviction without verdict of the jury, and in violation of certain provisions of the constitution of this State and of the United States, to which we shall now refer.

In the sixth ground of his extraordinary motion the defendant insists that the verdict and judgment against him are illegal, for the reason that he will suffer the punishment of death by electrocution, in violation of art. 1, sec. 1, par. 2, of the constitution of this State, which declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete." In the seventh ground the defendant alleges that the verdict and judgment against him are illegal, because they violate art. 1, sec. 1, par. 17, of the constitution of this State, which declares that "There shall be within the State of Georgia neither slavery nor involuntary servitude save as a punishment for crime after a legal conviction thereof." In the eighth ground the defendant insists that he has been sentenced under said purported verdict and judgment to suffer death, and will be executed without a trial by jury, in violation of par. 1, of sec. 18 of art. 6 of the constitution of this State, which provides that "The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate," for the reason that this court had adjudicated that a new trial was demanded, which is tantamount to an adjudication that there had been no trial. In the ninth ground the defendant contends that the verdict rendered against him and the sentence imposed upon him are illegal, for the reason that they violate the sixth amendment to the constitution of the United States, which provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." In the tenth ground the defendant contends that the verdict rendered against him and the sentence imposed upon him are illegal, for the reason that they violate the fourteenth amendment to the constitution of the United States, which declares that no State shall deprive any person of life, liberty, or property without due process of law.

By an amendment to his extraordinary motion the defendant

asks for the grant of a new trial upon the ground of the alleged newly discovered evidence of Ben Cleveland and C. A. Towles. The evidence of Cleveland is to the effect that a liquor still was located within a few hundred yards of the home of the defendant in November, 1925; that he saw said still a day or two prior to the night upon which the deceased was killed; that he saw said still at said location the day following the homicide; that within two or three days prior to the night of the homicide he saw the defendant working about said still site; and that the still of the defendant was at least three miles distant from the place of the homicide.

The testimony of Towles is to the effect that he was personally acquainted with Johnnie Bell and the defendant, having known each of them for several years prior to the homicide; that he was also familiar with the land and the still site thereon where the deceased was killed, said land being the property of Johnnie Bell's mother; that several days prior to the homicide he was passing by said site, and saw apparatus set up there which was the same or similar to the apparatus that he later heard described by L. J. McMichael and W. T. Burke as the stilling apparatus found at the site on the night of the homicide; that at the same time and on the same occasion he saw several men working around said site; and that on said occasion Johnnie Bell was present and participating in the enterprise, but the defendant was not present.

The extraordinary motions for new trial contemplated by our statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Malone* v. *Hopkins,* 49 *Ga.* 221; *Cox* v. *Hillyer,* 65 *Ga.* 57; *Harris* v. *Roan,* 119 *Ga.* 379 (46 S. E. 433); *Wheeler* v. *State,* 149 *Ga.* 473 (100 S. E. 568); *Harris* v. *State,* 150 *Ga.* 680 (104 S. E. 902); *Coggeshall* v. *Park,* 162 *Ga.* 78 (132 S. E. 632). A new trial may be granted on an extraordinary motion based upon the ground of improper communication with the jury. *Harris* v. *State,* supra. Relationship of a juror to the prosecutor within the prohibited degree has been held to be a good ground for

an extraordinary motion for new trial. *Smith* v. *State, 2 Ga. App.* 574 (59 S. E.. 311) ; *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238, 18 A. L. R. 368).

■ Where a defendant is convicted of murder and moves for a new trial, and his motion is overruled by the trial judge, and he excepts to that judgment and brings the same to this court for review, the judgment of this court affirming the judgment of the lower court denying a new trial, whether by decision on the merits or by dismissal of the writ of error upon the ground that this court · is without jurisdiction to pass upon the judgment of the lower court, due to the neglect of the defendant to bring his case to this court within the time required by law to give this court jurisdiction, an extraordinary motion for new trial will not lie to review any grounds of the motion for new trial, although some of such grounds are meritorious and would have resulted in the grant of a new trial by this court if the case had been properly brought in time to have conferred jurisdiction upon this court. The dismissal of the writ of error in this court operated as an affirmance of the judgment of the court below. *Rice* v. *Carey,* 4 *Ga.* 558; *Price* v. *Lathrop,* 66 *Ga.* 545. In these circumstances an extraordinary motion for new trial is not a remedy to correct errors to which the defendant excepted in his regular motion for new trial which had been overruled by the trial judge, and where he had excepted to the judgment of the trial judge overruling his motion, in a writ of error brought to this court, which was dismissed because of his neglect to file the bill of exceptions within the time prescribed by law, which neglect deprived this court of jurisdiction to pass upon the merits of the grounds of his overruled motion for new trial. His negligence in filing his bill of exceptions in time does not furnish any ground for the filing of an extraordinary motion to review the assignments of error embraced in his ordinary motion. Applying this principle, the court did not err in overruling the second, third, fourth, and fifth grounds of the extraordinary motion for new trial.

■ In the sixth, seventh, eighth, ninth, and tenth grounds of his extraordinary motion the defendant attacks the verdict and sentence upon certain constitutional grounds which are fully set out above. These attacks are without merit. The court did not err in overruling these grounds. None of the provisions of the

constitution of this State, upon which the defendant bases his attacks upon the legality of his trial, sentence,. and the affirmance of the judgment of the trial judge overruling his motion for new trial, were infringed by the proceedings in this case. The first ten amendments to the constitution of the United States refer exclusively to powers exercised by the government of the United States. Perycar v. Commonwealth, 5 Wall. 475 (18 L. ed. 608) ; Eilenbecker v. District Court, 134 U. S. 31 (10 Sup. Ct. 424, 33 L. ed. 801) ; Spies v. Illinois, 123 U. S. 131 (8 Sup. Ct. 21, 31 L. ed. 80) ; Loeb v. Jennings, 133 Ga. 796 (3) (67 S. E. 101, 18 Ann. Cas. 376) ; Campbell v. State, 11 Ga. 353; Hill v. State, 53 Ga. 472, 473. So the contention that the defendant was convicted and sentenced in violation of the sixth amendment to the constitution of the United States is without merit.

The defendant further insists that his conviction and sentence violate due process of law, and violate the fourteenth amendment to the constitution of the United States. This amendment is applicable to criminal trials in the State courts, and inhibits the violation of due process in cases where defendants are tried in State courts for violations of State penal statutes. Under the facts of this case the defendant was not denied due process. Due process of law means the administration of general laws according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the subject-matter, and proceeding upon notice and hearing. Where the legislature of this State has enacted laws for the government of its courts while exercising their respective jurisdictions, which, if followed, will furnish the parties the necessary protection of life, liberty, and property, it has complied with its duty to furnish to a party charged with a crime due process of law. A State can not be deemed guilty of violating the due-process clause of the Federal constitution, simply because one of its courts, while acting within its jurisdiction, has made erroneous rulings or decisions. In such a case a defendant is left to the appropriate remedy for the correction of errors in judicial proceedings; and if the defendant undertakes to correct errors committed in his trial by the appropriate remedy of a motion for new trial, which is overruled, and if he then undertakes to review the judgment of the trial court overruling his motion for new trial by writ of error brought to

this court, which is dismissed because he has neglected to comply with the statute of this State which provides the method of review, he can not complain of lack of due process of law. His negligence in such matter is mere failure to comply with due process; and he will not be heard to say that due process was denied him in his effort to review the judgment of the lower court by writ of error to this court. *Norman* v. *State,* 171 *Ga.* 527 (156 S. E. 203). So the judge did not err in overruling the ground of the extraordinary motion for new trial which asserts that the defendant was denied due process in his trial, conviction, and sentence for murder.

The first ground of the extraordinary motion for new trial and the amendment thereto are based upon newly discovered evidence. These are proper grounds for an extraordinary motion for new trial; and present questions for decision by this court. The first ground seeks the grant of a new trial upon the existence of newly discovered evidence, which R. E. Logue and his wife would give if a new trial were granted to the defendant, and which he would introduce on a new trial. The judge declined to entertain the extraordinary motion for new trial, upon the ground that it was made and presented to him in vacation. The defendant applied to this court for mandamus to compel the judge to entertain and pass upon the motion, this court finding against the contention of the judge that it was presented to him in vacation. It was insisted by counsel for the State that the mandamus should be refused upon the ground that the extraordinary motion did not make a case for the grant of a new trial upon the ground of newly discovered evidence, or upon any other ground; and that for this reason the grant of a mandamus would be vain and useless. In overruling this contention of the State this court made the statement that it was "of the opinion that the newly discovered evidence would authorize the grant of a new trial." 172 *Ga.* 508. This was not a ruling that a new trial should be granted. It was a mere holding that this newly discovered evidence, standing alone, would authorize the grant of a new trial, if the State failed to show some reason why it should not have this effect.

In reply to this ground the State introduced evidence showing that both of these witnesses had been subpœnaed for the defendant, that they appeared at court as witnesses for him at his first trial in 1926, that they were again subpœnaed as witnesses for the de-

fendant and were present at two subsequent trials of the defendant, but were not introduced as witnesses in his behalf. At one of these trials Logue was sworn as a witness for the defendant, but was not put upon the stand and used as a witness for him during the trial. The State further introduced evidence tending to dispute material facts deposed to by Logue in his affidavit. In view of the evidence introduced by the State, tending to show that the defendant did not exercise due diligence in ascertaining the newly discovered evidence of these witnesses, and in view of the further fact that the State disproved material facts testified to by Logue, the trial judge did not abuse his discretion in refusing a new trial upon this ground. A motion for new trial on the ground of newly discovered evidence is properly refused if it appears that witnesses whose evidence is alleged to have been newly discovered were subpœnaed by the defendant and were in attendance upon the court, and not sworn by him. *McAfee* v. *State,* 31 *Ga.* 411. Where witnesses summoned by the defendant are present at the trial but are not examined, a new trial will not be granted on the ground that since the verdict the defendant has for the first time learned that they could have testified to facts material to his defense. *Hall* v. *State,* 117 *Ga.* 263 (43 S. E. 718) ; *Rounsaville* v. *State,* 163 *Ga.* 391, 397 (136 S. E. 276) ; *Blackwell* v. *Houston County,* 168 *Ga.* 248, 256 (147 S. E. 574).

■ But it may be said that Cleveland testified to facts similar to those testified to by Logue and his wife; and that for this reason the extraordinary motion for new trial should be granted. This contention is not well taken. An extraordinary motion for new trial on the ground of newly discovered evidence is properly refused if it appears that two of the witnesses whose evidence is alleged to have been newly discovered were subpœnaed by the defendant and in attendance, and that another witness would prove the same facts as they. In such circumstances due diligence is not shown in discovering the evidence of the third witness. *McAfee* v. *State,* supra. The ground of the extraordinary motion for new trial based upon the newly discovered evidence of the witness Towles does not authorize the grant of a new trial, the facts deposed to by him in his affidavit being immaterial and irrelevant.

■ The other grounds of attack upon the judgment overruling the extraordinary motion for new trial are without merit.

Applying the rulings stated above, the trial judge did not err in overruling the extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. At the last appearance of this case (172. *Ga.* 508), and after the court had issued a mandamus nisi (requiring the honorable judge of the superior court to show cause why he should not certify a bill of exceptions), the writer, concurring specially, concluded by saying "Now, merely as a means of speeding the adjudication in this long-protracted litigation, I agree to an order which in my opinion is not in harmony with the prior proceedings as they appear of record in this court." I was then and still am of the opinion that no order or judgment could be granted by the court upon an application for mandamus to compel the judge to certify a bill of exceptions, except, after consideration of the answer of the judge, to dismiss the application for mandamus, or to enter a mandamus absolute and require the judge to certify the bill of exceptions. In this case the court made the mandamus absolute. Thereupon the judge of the superior court certified the bill of exceptions, in obedience to the order of this court. I do not agree to the statement in the judgment per curiam that "In this stage of the case the only thing to be considered and decided by this court is whether the judge erred in declining to entertain the extraordinary motion for new trial." The declining to entertain the extraordinary motion for a new trial was only a short cut to refusing a new trial, which absolutely prevented any review of the decision of the lower court by the ordinary right of bill of exceptions. To remand a case with direction that a judge of the superior court pass upon the motion is not germane to a proceeding to require the judge to certify a bill of exceptions, and thus remit the consideration of the case upon its merits to the Supreme Court. I am aware that this court has several times decided that a judge of the superior court may refuse to entertain an extraordinary motion for a new trial, if he is of the opinion that the grounds of the motion are without merit. I am unwilling in any instance to extend the number of such cases. A ruling that the trial judge can determine for himself the merit of one who seeks to have his case reviewed, and thus decide the merits of his own judgment by refusing a review, confers upon the judge of a superior court, if this decision be final, all the powers and pre-

rogatives of the highest court of review. If this be the law, the Supreme Court is a useless body, constituted only to decide such questions as to which the trial judge wishes to obtain direction and instruction. The long years spent in argument and contentions by our legislators before this court was finally established were useless. The trial judge can in any case, and especially in one involving life and death, debar any citizen of the right of review because in the trial court's opinion the appellant's grounds are frivolous and without merit, because he has already had a previous trial or because he has had numerous trials. If the bill of exceptions states the truth as to the facts which transpired in a judicial proceeding of which the plaintiff in error complains, and is timely presented in compliance with the requirements of the law, it is the duty of a judge of the superior court to certify to the truth of the statements contained in the bill of exceptions and direct such portions of the record and evidence as the plaintiff in error may specify to be transmitted to this court. It should not be forgotten that courts, no matter how high in degree, are after all only human beings, and it is to be hoped that even the Supreme Court of Georgia will not become so consequential as to shift responsibility for the decision of even the smallest right appertaining to even the humblest litigant from its shoulders. As appears from the mandamus case, the court was of the opinion that the newly discovered evidence authorized the grant of a new trial. If so, the plaintiff in error would have had the benefit of the newly discovered evidence, or any other evidence. He would have had another trial. This court should have said that he should have had another trial. The refusal of the trial judge to even dignify the proceedings by which the defendant sought to obtain a new trial with his notice was certainly such an error that the judgment of the lower court should have been reversed. As a consequence, I dissent from the judgment of affirmance of the judgment in which an able and conscientious judge only reiterated the views as to the evidence already entertained by him when he declined to certify the bill of exceptions. I dissent further from the second headnote, for the same reason which influenced me in dissenting from the judgment dismissing the writ of error in *King* v. *State,* 169 *Ga.* 15, to wit, that the requirement to file a bill of exceptions in time is nothing more than a rule of procedure, which the court may

pass, amend, or revoke at pleasure, but that the failure to comply with the rule does not deprive this court of its constitutional jurisdiction.