### 22563. REED v. PEEPLES.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*H. E. Kinney, Pittman & Kinney,* for plaintiff in error.

*D. W. Mitchell, Jr., Herman Spence, Mitchell & Mitchell,* contra.

ALMAND, Justice. The sole question for decision is: did the trial court err in dismissing a motion for new trial because no

complete brief of evidence had been presented to or approved by the court?

In a suit by I. M. Peeples against George Reed seeking equitable and legal relief the jury returned a verdict for the defendant on August 18, 1960. The plaintiff filed his motion for new trial on the general grounds and by amendment assigned error on the recharge of the court to the jury. The official court reporter died before he had transcribed the evidence adduced at the trial. Two other court reporters attempted to transcribe the notes and records of the deceased reporter but they were able to transcribe only 10% of the reported evidence. The trial judge entered the following order on March 30, 1964: "Said matter regularly coming before me to be heard, the plaintiff made an oral motion to dismiss defendant's motion for new trial on the grounds that a complete brief of evidence was not presented to the court; and after hearing argument on same, plaintiff's oral motion to dismiss defendant's motion for new trial is hereby sustained, and the defendant's motion for new trial is hereby dismissed and stricken from the record."

1. It is contended by plaintiff in error that the court abused its discretion in not granting a new trial in that the failure of movant to present a complete brief of evidence was due to no fault of the movant but solely because he was providentially prevented from obtaining a brief of the evidence by reason of the death of the court reporter and the inability of the other reporters to transcribe the notes of the deceased reporter.

*Code* § 70-302 provides: "Where an order shall be taken to hear a motion for a new trial in vacation, the brief of evidence shall be presented for approval within the time fixed by the order, or else the motion shall be dismissed." The omission or failure of the court reporter to write out his report of the evidence does not relieve the movant from complying with the order of the court as to the filing of a brief of evidence. *Boatwright v. State,* 91 Ga. 13 (16 SE 101); *Eason v. Mayor &c. of Americus,* 106 Ga. 179 (32 SE 106). In *Western & Atlantic R. Co. v. Callaway, McCarty & Gregory,* 111 Ga. 889 (1) (36 SE 967) it was held that this court will not reverse the action of the trial judge in refusing to accept as a sufficient excuse for not

filing a brief of evidence the failure of the court stenographer, from illness or any other cause, to write out the evidence. See also: *Wiggins v. Marietta Trust &c. Co.,* 134 Ga. 346 (3) (67 SE 813); *Ward v. Ward,* 134 Ga. 714 (68 SE 478); *Guthrie v. Hendley,* 8 Ga. App. 101 (2) (68 SE 654).

The burden being upon the movant to prepare and present a brief of evidence, it cannot be said in this case that the trial judge abused his discretion in refusing to accept the excuse offered for failing to submit a complete brief of evidence.

2. It is next insisted that the court could pass upon the amended ground of the motion for new trial because a consideration of the evidence would not be necessary for a determination of this ground in the motion and under the provisions of the Act of 1947 (Ga. L. 1947, p. 298; *Code Ann.* § 70-301.1) the court should have passed upon the motion. It was contended that the recharge was erroneous in that it was contrary to certain facts which had been stipulated by the parties and the stipulation was in the record and a complete brief of evidence was unnecessary to a consideration of the sole ground of the amended motion.

We do not agree with this contention. The burden is upon the movant in a motion for new trial not only to show error but harm or injury resulting therefrom. The record discloses that 90% of the evidence adduced at the trial was not before the court. A consideration of this absent evidence might disclose facts that authorized the recharge or that demanded a verdict for the defendant. In such latter event the charge, even if erroneous, would not have authorized a new trial. See: *Whitner v. Whitner,* 207 Ga. 97 (60 SE2d 464); *Anderson v. Southern R. Co.,* 107 Ga. 500 (4b) (33 SE 644); and *Gulick v. Mulcahy,* 95 Ga. App. 158 (97 SE2d 362).

It was not error to dismiss the motion for a new trial.

*Judgment affirmed. All the Justices concur.*