24425.   LEVIN et al. v. BLUMBERG et al.

MOBLEY, Justice.   The appeal is from a judgment denying an extraordinary motion for new trial and motion to set aside a judgment rendered in the Superior Court of Charlton County, holding that the marriage of Helen Rothchild and Theodore Louis Blumberg was legal and valid.   The petition, filed by brothers and sisters of Theodore Louis Blumberg, sought to have the marriage license and the marriage declared illegal and void and set aside on the grounds that the laws of Georgia as to consummation of marriage had not been complied with, in that the marriage license was issued by a justice of the peace, who had no legal authority to issue the license, that the blood test did not comply with requirements of the law, and that the license was not issued between the hours of 8 a.m. and 6 p.m. as required by *Code* § 53-201.   The trial judge, upon agreement of the parties, tried the case without a jury and, after hearing evidence, and making findings of fact on the issues involved, held that the license and marriage were legal and valid.   Motion for new trial on the general grounds was filed, and was set for hearing, which was continued to a fixed date with notice to all parties.   There was no appearance for the petitioners at the time set for the hearing, whereupon the trial judge dismissed the motion for new trial.   Thereafter, the petitioners filed their extraordinary motion for new trial and motion to set aside the judgment, which were, after hearing, denied.   *Held:*

The questions raised in the extraordinary motion for new trial and the motion to set aside the judgment were adjudicated when the trial court dismissed the motion for new trial for failure of prosection by the petitioners, as the issues raised in the extraordinary motion for new trial and motion to set aside the judgment were the same issues raised in the motion for new trial and passed upon by the trial court.   The appellants in their brief concede that their appeal from the judgment denying their motion to set aside the judgment and extraordinary motion for new trial is "based only upon the issue made by the pleadings in said cause and particularly the issue made by the petition and answer and by the motion to strike those portions of the answer purporting to set forth a defense in equity," which is exactly what was before the court in the motion for new trial.   No newly

discovered evidence is involved, nor any new reason or ground given for the relief sought. Since all the grounds of this extraordinary motion have been adjudicated, they can not be raised in an extraordinary motion for new trial. *Edge v. State,* 200 Ga. 257 (1) (36 SE2d 673). An extraordinary motion for new trial will not lie to review any of the grounds of the original motion which was dismissed for lack of prosecution. *King v. State,* 174 Ga. 432 (2) (163 SE 168).

The dismissal of the original motion for new trial fixed as the law of the case the ruling of the trial court that the marriage of Helen Rothchild and Theodore Louis Blumberg was legal, that they were husband and wife, and that she was the lawful wife of Blumberg at the time of his death.

The trial court properly denied the extraordinary motion for new trial and the motion to set aside the judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 11, 1967—DECIDED JANUARY 4, 1968.

*Ogden Doremus, Richardson, Doremus & Karsman,* for appellants.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, E. Kontz Bennett, Sr., Arthur K. Bolton, Attorney General,* for appellees.