## 44349. GIBSON PRODUCTS COMPANY OF ALBANY, INC. v. ADDISON.

JORDAN, Presiding Judge. Gibson Products Company, Inc., the defendant in a tort action for false arrest and malicious prosecution, filed a timely notice of appeal from an adverse judgment, specifying for inclusion with the appeal a transcript of the evidence and proceedings. After obtaining repeated extensions of time to file the transcript, and being unable to agree with the plaintiff on a narrative statement, the trial judge in the meantime having died, the time in which the defendant could perfect this appeal expired. The defend-

ant then filed an extraordinary motion for new trial, relying on the above circumstances and a showing that the notes and tapes essential to a preparation of the transcript could not be located, and that it would be impossible to obtain a transcript. This motion includes allegations concerning errors believed to have occurred in the trial of the case and a further allegation that a transcript of the evidence and the charge of the court was necessary for appellate review. The plaintiff concurs in this statement "except the contention that there existed errors in the trial." The present appeal is from the order overruling the defendant's extraordinary motion for a new trial. *Held:*

By its express terms § 60 of the CPA (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; *Code Ann.* § 81A-160) sets forth the only means available to attack a judgment obtained in a civil proceeding (other than appellate review as elsewhere provided) and includes therein (Subsection (c)) a motion for new trial, which under the law already in effect before the CPA must be made within 30 days of entry of judgment "except in extraordinary cases" (Ga. L. 1965, pp. 18, 30; *Code Ann.* § 70-301), but the statutory law is silent as to what constitutes an extraordinary case.

From a review of adjudicated cases it appears to be well settled that the courts do not favor extraordinary motions, and that the grounds thereof must reveal facts such as ordinarily do not occur in the transaction of human affairs, e.g., one convicted of murder when the supposed victim is shown to be alive, or some providential cause, which would affect the result of another trial, and which were not discoverable in the exercise of proper diligence in time to be shown during the course of the trial, including the time allowed for a showing of asserted error by means of an ordinary motion for new trial on direct appeal. It requires *"such an extraordinary statement of facts, according to the repeated rulings of this court, as would probably produce a different result if a new trial should be granted."* (Emphasis supplied.) *Malone v. Hopkins,* 49 Ga. 221, 227. Also, see *Cox v. Hillyer,* 65 Ga. 57; *Harris v. Roan,* 119 Ga. 379 (46 SE 433); *King v. State,* 174 Ga. 432 (163 SE 168); *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833); *Levin v. Blumberg,* 223 Ga. 865 (159 SE2d 66); *Cox v. State,* 19 Ga. App. 283 (91 SE 422); *Brawner v. Wilkins,* 114 Ga. App. 263 (150 SE2d 721).

The extraordinary circumstances here shown consist of the loss of the notes and tapes essential to the preparation of a transcript, the death of the trial judge, and the inability of the parties to agree on a narrative statement. While these unfortunate circumstances may have prevented the defendant from perfecting an appeal, if a transcript is essential to a consideration of alleged errors during the course of the trial, they are not extraordinary circumstances which would probably produce a different result in the event of another trial. Whatever may be the rule in other jurisdictions, the inability to show error in a trial, nothing more appearing, is insufficient to warrant the grant of a new trial. In numerous cases this court, as well as the Supreme Court, has refused to disturb the ruling or judgment of the lower court where a consideration of the evidence was essential to a determination of whether harmful error occurred, including cases where the deficiency was wholly attributable to the court reporter and without any fault of the appellant. See *Reed v. Peeples,* 220 Ga. 226 (138 SE2d 277); *Western & A. R. Co. v. Callaway, McCarty & Gregory,* 111 Ga. 889 (36 SE 967); *Cooper v. Brock,* 117 Ga. App. 501, 505 (161 SE2d 75); *Seaton v. Redisco, Inc.,* 115 Ga. App. 80 (153 SE2d 728).

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED MARCH 5, 1969—DECIDED JUNE 18, 1969—
REHEARING DENIED JULY 3, 1969.

*Smith, Gardner, Wiggins & Geer, James W. Smith, Watson, Keenan, Spence & Lowe, Stuart Watson,* for appellant.

*Charles W. Hill, Burt & Burt, Donald D. Rentz,* for appellee.