43144. RODDENBERRY v. RODDENBERRY.
(342 SE2d 464)

MARSHALL, Chief Justice.

The question for decision in this case is whether the appellant-former husband may, through an extraordinary motion for new trial, relitigate the issue of child paternity, where he entered into a settlement agreement incorporated into the parties' divorce decree in which he recognized the parties' child as his own, agreed to pay child support, and waived his right to modify or revise the agreement or decree. The superior court denied the appellant's motion. We granted his application for discretionary appeal. For reasons which follow, we affirm.

The appellant-former husband and the appellee-former wife were married in 1980, and they divorced in 1983. Their divorce decree incorporates a settlement agreement stating that there exists one minor child as issue of the parties' marriage and requiring the appellant to make payments to the appellee for the support of this child, who was born in 1981. In addition, the settlement agreement contained a clause under which each party waived his or her right to modify or revise the agreement or decree.

Subsequently, the appellant was informed of the possibility that he might not be the child's father. In 1984, he had conducted a

Human Leukocyte Antigen (HLA) blood-typing test. See OCGA § 19-7-45; *Jackson v. Jackson*, 253 Ga. 576 (322 SE2d 725) (1984). The results of the test state that he could not be the child's biological father. In 1985, he filed this extraordinary motion for new trial as to the issues of paternity and child support.

The trial court denied the extraordinary motion for new trial. Citing *Macuch v. Pettey*, 170 Ga. App. 467 (1) (317 SE2d 262) (1984), the superior court concluded that the extraordinary motion for new trial should be denied on grounds of res judicata and estoppel by judgment. At the hearing on the motion, the court had refused to admit the results of the HLA blood-typing test, in that the technician performing the test did not testify and no evidence was introduced concerning his or her qualifications. However, the director of the laboratory in which the test was performed did testify after being qualified as an expert, and the appellant sought to admit the test results as properly authenticated business records. In the order denying the appellant's motion, the court pretermitted the question of whether the test results were admissible.

In *Macuch v. Pettey*, supra, Macuch (the wife) and Pettey (the husband) had divorced pursuant to a settlement agreement requiring Pettey to make payments to Macuch for the support of their minor child. Several years later, Macuch instituted an action seeking an adjudication that Hofflich and not Pettey was the child's father, thereby terminating Pettey's parental rights and imposing parental responsibilities upon Hofflich. The trial court granted Pettey's and Hofflich's motion to dismiss. The Court of Appeals affirmed, noting that Macuch had filed the divorce complaint reciting that the child was born as issue of the marriage, and that she had entered into the settlement agreement containing the same recitals. The Court of Appeals held that under the decisions cited in Division 1 of its opinion, the principles of res judicata and estoppel by judgment precluded Macuch from relitigating the paternity issue.

The appellant seeks to distinguish *Macuch v. Pettey*, supra, on its facts, and the appellant cites *Britten v. State,* 173 Ga. App. 840 (328 SE2d 556) (1985), as being applicable here. It was held in *Britten* that an extraordinary motion for new trial was the proper procedural vehicle by which to challenge entry of a guilty plea to a charge of child abandonment, where the newly discovered evidence was an HLA blood-typing test showing that the defendant could not have been the child's father. *Held:*

OCGA § 9-12-40 enunciates the doctrine of res judicata as being that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered *until the judg-*

*ment is reversed or set aside."* (Emphasis supplied.) "The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." *Brown v. Brown*, 212 Ga. 202, 204 (91 SE2d 495) (1956).

The appellant is correct in arguing that since this is an attempt to set aside a judgment through the mechanism of an extraordinary motion for new trial, the doctrines of res judicata and estoppel by judgment are inapposite.

" 'Extraordinary motions for a new trial are not favored, and a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on that ground.' *Wallace v. State*, 205 Ga. 751 (2) (55 SE2d 145) (1949). Accord, *Music v. State*, 244 Ga. 832, 833 (262 SE2d 128) (1979)." *Dick v. State*, 248 Ga. 898, 899 (287 SE2d 11) (1982). "The requirements for granting an extraordinary motion for new trial are clear. 'On (an extraordinary) motion for a new trial based on newly discovered evidence, it is incumbent on the movant to satisfy the court: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness. *Bell v. State*, (227 Ga. 800, 805 (183 SE2d 357) (1971)); *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).' *Tanner v. State*, 247 Ga. 438, 443 (276 SE2d 627) (1981)." 248 Ga., supra at pp. 899-900.

Here, we are informed that at the time the appellant married the appellee, she was pregnant. The appellant subsequently entered into the separation agreement, which was incorporated into the parties' divorce decree, in which he recognized the child as his own, agreed to pay child support, and waived his rights of modification and revision. OCGA § 19-7-45, supra, authorizing the use of the HLA blood test, was enacted by Ga. L. 1980, pp. 1374, 1376, and, thus, was available to the appellant at the time of the parties' divorce in 1983. We hold that the superior court was correct in denying the extraordinary motion for a new trial, in that the appellant has not shown that want of due diligence was not the reason that the evidence was not acquired sooner.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 1986.

*Altman & McGraw, Harry Jay Altman II,* for appellant.
*Smith, Perry & Epps, Ralph C. Smith, Jr.,* for appellee.