### A93A1249. DEPARTMENT OF HUMAN RESOURCES v. BROWNING.
(436 SE2d 742)

McMURRAY, Presiding Judge.

The Georgia Department of Human Resources ("DHR") filed a petition against Wallace C. Browning to collect past and future child support pursuant to OCGA §§ 19-11-5 and 19-11-6, alleging that

---

Browning is the father of a minor child who is now dependent upon public assistance. On February 4, 1988, a "Consent Agreement and Order" was entered wherein Browning admitted paternity and agreed to support the minor child. On August 6, 1992, Browning filed a "Petition for Blood Test" to determine paternity, alleging that, "[s]ubsequent to the execution of [the Consent Agreement and Order, he] learned that he is not the biological father of said minor child." At a hearing on the petition, the trial court ordered the parties to submit to a blood test for the purpose of resolving the issue of paternity. After the results of a Human Leukocyte Antigen (HLA) blood-typing test revealed that he is not the biological father of the child, Browning amended his "Petition for Blood Test" and requested a bench trial to resolve the "mutual mistake" in naming him father of the child.

After a hearing, the trial court entered an order setting aside the consent judgment, finding that Browning is not the father of the child and relieving him of further obligation for support of the minor child. This appeal followed an order granting DHR's application for discretionary appeal. *Held*:

1. In its first enumeration, DHR contends the trial court erred in granting Browning's "Petition for Blood Test."

(a) DHR argues that any attempt to relitigate the issue of paternity is precluded by the doctrine of res judicata.

In *Roddenberry v. Roddenberry*, 255 Ga. 715 (342 SE2d 464), the Supreme Court recognized an extraordinary motion for new trial (based on newly discovered evidence) as a proper procedural vehicle for challenging a consent judgment which resolved issues of paternity and child support and held that the doctrines of res judicata and estoppel by judgment are inapposite when such a consent judgment is under attack via extraordinary motion for new trial. Id. at 717. In the case sub judice, Browning's challenge to the consent judgment is based on an allegation of newly discovered evidence which developed after entry of the consent judgment. Consequently, since substance rather than form controls the nature of a motion, *Vaughan v. Car Tapes, Inc.*, 135 Ga. App. 178 (1) (217 SE2d 436), Browning's "Petition for Blood Test" is, in substance, an extraordinary motion for new trial based on newly discovered evidence and is therefore not precluded by the doctrine of res judicata. See *Gearing v. Gearing*, 261 Ga. 250 (403 SE2d 809). Compare *East v. Pike*, 163 Ga. App. 375 (294 SE2d 597); *Macuch v. Pettey*, 170 Ga. App. 467 (1) (317 SE2d 262); *Dept. of Human Resources v. Brown*, 196 Ga. App. 875 (397 SE2d 73), and *Dept. of Human Resources v. Hurst*, 208 Ga. App. 792 (432 SE2d 236), where prior judgments resolving paternity barred relitigation of the same paternity issues in actions separate from the original unchallenged judgments.

(b) Next, DHR argues that there is no basis for setting aside the "Consent Agreement and Order" because Browning's "own lack of diligence accounts for the original paternity order."

"Once there has been a final determination of paternity, a party may not relitigate that issue without first showing, inter alia, that his failure to contest paternity earlier was not the result of a lack of due diligence. *Roddenberry v. Roddenberry*, 255 Ga. 715, 717, [supra]. [In the case sub judice, the] trial court made no findings in this regard and, accordingly, this case is remanded to the trial court for a consideration of [Browning's] due diligence in accordance with [the Supreme Court's] holding in *Roddenberry v. Roddenberry*, supra." *Gearing v. Gearing*, 261 Ga. 250, supra.

(c) DHR invokes OCGA § 9-12-23 and argues that Browning's voluntary execution of the "Consent Agreement and Order" removes the possibility of relitigating paternity.

OCGA § 9-12-23 does not remove the possibility of testing the validity of a consent judgment via extraordinary motion for new trial. See *Roddenberry v. Roddenberry*, 255 Ga. 715, 717, supra. This Code section recognizes that an unchallenged consent judgment "has the effect of removing any issuable defenses previously filed." OCGA § 9-12-23. In the case sub judice, Browning is not raising lack of paternity as a defense in a collateral action, nor is he attempting to relitigate the issue of paternity. Browning is attempting to set aside the "Consent Agreement and Order" based on the alleged post-judgment development of evidence that he is not the child's father. See *Gearing v. Gearing*, 261 Ga. 250, supra. Consequently, OCGA § 9-12-23 provides no barrier to Browning's attack upon the "Consent Agreement and Order."

2. In its second enumeration, DHR contends the trial court erred in setting aside the "Consent Agreement and Order," arguing that Browning failed to prove the consent judgment was entered as a result of fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant as required by OCGA § 9-11-60 (d) (2).

The relief sought in the "Petition for Blood Test" is not characteristic of a motion to set aside filed pursuant to OCGA § 9-11-60 (d) (2), but is in the nature of an extraordinary motion for new trial based on newly discovered evidence. See *Vaughan v. Car Tapes, Inc.*, 135 Ga. App. 178 (1), supra. Consequently, Browning's "Petition for Blood Test" is not subject to consideration pursuant to OCGA § 9-11-60 (d) (2), but is subject to consideration pursuant to the standards set out in *Roddenberry v. Roddenberry*, 255 Ga. 715, supra, for review of an extraordinary motion for new trial based on newly discovered evidence, i.e., that want of due diligence was not the reason the newly discovered evidence was not acquired sooner. Id. at 717.

DHR also contends in its second enumeration that the trial court erred in failing to dismiss Browning's "Petition for Blood Test," arguing that the petition was filed beyond the three-year limitation period of OCGA § 9-11-60 (f).

Browning's "Petition for Blood Test" is not subject to the three-year limitation period prescribed in OCGA § 9-11-60 (f) as it is not a motion to set aside filed pursuant to OCGA § 9-11-60 (d). As stated in Division 2 of this opinion, the "Petition for Blood Test" is in the nature of an extraordinary motion for new trial based on newly discovered evidence. OCGA § 5-5-41 (a) makes provision for such motions filed more than 30 days after the entry of judgment, but does not prescribe or limit the time for bringing an extraordinary motion for new trial. This Code subsection only requires that "[w]hen a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, *some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court.*" Id.

Browning alleges that "[s]ubsequent to the execution of [the Consent Agreement and Order, he] learned that he is not the biological father of said minor child." Further, Browning's attorney contended during a hearing on the "Petition for Blood Test" that the child's mother changed her story and informed Browning after entry of the "Consent Agreement and Order" that he is not the child's biological father. Moreover, DHR does not allege nor is there proof that Browning acted unreasonably in accepting the mother's earlier claim that he is the father of the child. In fact, there are indications in the record that Browning executed the "Consent Agreement and Order" without full understanding that he could challenge DHR's accusation of paternity via a petition for paternity blood test or other judicial proceeding.[1] These circumstances authorize a threshold determination of whether good reason exists for considering Browning's belated "Pe-

---

[1] The "Consent Agreement and Order" is a form document with blanks for identifying parties and non-standard terms. Browning executed this form about a week before DHR initiated the petition for child support and the trial court executed the form on February 2, 1988, two days before DHR filed the petition against Browning. Browning also executed a form document entitled, *"ACKNOWLEDGEMENT OF SERVICE WAIVER OF JURISDICTION AND NOTICE"* on the day he executed the "Consent Agreement and Order." The body of this form goes further than its caption (i.e., waiver of service, jurisdiction and notice), providing as follows: "I have been informed that I have the right to a hearing in the matter of the Child Support Petition and to be represented by counsel at my own expense if I choose. I am fully aware of this right and do hereby freely and voluntarily waive it." Although the record shows that a Special Assistant Attorney General executed the "Consent Agreement and Order" on behalf of DHR, there is no proof that Browning was advised that DHR's attorney acted solely on behalf of DHR; that DHR's interests were adverse to Browning's interests or even that it would be in his best interest to retain independent counsel before executing the "Consent Agreement and Order."

tition for Blood Test" as required by OCGA § 5-5-41 (a). See *Gearing v. Gearing*, 261 Ga. 250, supra, where the Supreme Court remanded for consideration of a motion to determine paternity filed eight years after entry of a final decree resolving the issue of paternity. Compare *Murphy v. Murphy*, 263 Ga. 280 (430 SE2d 749), a case not involving an extraordinary motion for new trial filed pursuant to OCGA § 5-5-41.

3. In its third enumeration, DHR contends the trial court erred in failing to transfer Browning's "Petition for Blood Test" from the Superior Court of Lanier County to the county where the child's mother currently resides. See *Davis v. Davis*, 259 Ga. 151 (377 SE2d 850). This contention is without merit.

A party who institutes an action in a county other than his residence submits to the jurisdiction of the court of the county where the suit is initiated for all purposes of defense of that suit. *Moore, Marsh & Co. v. Medlock*, 101 Ga. 94 (28 SE 836). In the case sub judice, DHR filed the petition for child support against Browning in the Superior Court of Lanier County, resulting in a consent judgment which resolved issues of paternity and child support. The consent judgment is now being challenged in the Superior Court of Lanier County via a procedural vehicle approved in *Roddenberry v. Roddenberry*, 255 Ga. 715, supra. Consequently, venue is proper in the Superior Court of Lanier County for the purpose of considering Browning's petition to set aside the "Consent Agreement and Order."

4. In its final enumeration, DHR contends "[r]elitigation of previously adjudged paternity matters would preclude [DHR] from recovering reimbursement of expended public assistance." This contention provides no basis for judicial review. Further, it ignores the practical and historical basis for extending relief via extraordinary motion for new trial where the same is authorized by the evidence, i.e., "the higher and supreme object of the law which is to do full justice in all cases." *Matthews v. Grace*, 199 Ga. 400, 404 (2), 405 (34 SE2d 454).

*Judgment vacated and case remanded. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 14, 1993.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, Charles R. Reddick*, for appellant.

*Moore & Studstill, Daniel L. Studstill*, for appellee.