### A96A1802. PATTERSON v. WHITEHEAD.
(481 SE2d 621)

SMITH, Judge.

We revisit here the issues addressed in *Macuch v. Pettey,* 170 Ga. App. 467 (1) (317 SE2d 262) (1984), and *Ghrist v. Fricks,* 219 Ga. App. 415 (465 SE2d 501) (1995). In accord with those decisions, we conclude that the trial court erred in its sua sponte grant of a new trial on the issue of a child's paternity. Carla Whitehead, formerly Carla Spivey, bore a daughter in 1989 during her marriage to Timothy Spivey. Timothy Spivey is shown as the child's father on her birth certificate. The Spiveys later divorced, and their settlement agreement provides that the child and an older sibling are the "issue of the marriage" and provides for their custody and support. The parties agreed that the decree constitutes a "complete and total settlement" of any and all claims, including those for support and maintenance. The agreement also recites that the parties have considered all facts and circumstances, obtained legal advice, and understand and assent to the agreement. Whitehead and Spivey executed the agreement before a notary public. The settlement agreement was incorporated by reference in the final judgment and decree of the Fulton County Superior Court on April 26, 1990. No appeal of that judgment appears of record.

Spivey fell into arrears on his child support obligation, and Whitehead filed a petition for contempt. Two months later, while the contempt proceeding remained pending, Whitehead filed this action against Patterson, alleging that he is the younger child's father and failing to mention either her marriage or the divorce action and decree declaring the child to be Spivey's. Patterson answered, denying paternity and requesting a blood test. After discovering the earlier marriage and divorce decree, Patterson filed a motion to dismiss on the grounds of res judicata and estoppel by judgment.

Before a hearing on August 11, 1995, Whitehead filed a voluntary dismissal in open court. Patterson then sought attorney fees on the basis that Whitehead's action was meritless. The trial court, how-

ever, vacated the voluntary dismissal and ordered blood tests.[1] Patterson then moved for reconsideration on the issues of res judicata and estoppel by judgment. In response to Patterson's motion, the trial court entered another order "sua sponte constru[ing] Plaintiff's petition in Civil Action File No. E-39669 to determine paternity and for temporary support against respondent Norwood L. Patterson also as an extraordinary Motion For New Trial to Timothy Glenn Spivey in Civil Action File No. D-75470, Carla Renee Spivey v. Timothy Glenn Spivey." The trial court then, in the same order, granted the motion for the declared purpose of "obviating the problem of collateral estoppel." Again acting sua sponte, the trial court set aside the 1990 final judgment and decree with respect to Spivey's paternity and child support obligations. We granted Patterson's application for interlocutory appeal.

1. Patterson first contends that the trial court lacked jurisdiction to take any action after plaintiff voluntarily dismissed this action. OCGA § 9-11-41 (a) provides that a plaintiff may dismiss voluntarily without the trial court's permission or order. If there is a counterclaim pending, however, the action cannot be dismissed unless the counterclaim can remain pending for independent adjudication by the court. Id.

Patterson's answer contains no counterclaim, and his prayer for attorney fees was made as part of his motion to dismiss. OCGA § 19-7-48, however, provides that any settlement, dismissal, or other termination of a paternity case must be approved by the court. The trial court therefore did not lack jurisdiction after Whitehead attempted to dismiss her petition.

2. Without the trial court's sua sponte vacation of the 1990 divorce decree, this case is controlled by our decisions on virtually identical facts in *Macuch* and *Ghrist*. In *Macuch*, as here, a divorce decree recited that the child in question was born as issue of the marriage. This Court concluded that "[t]hus, the issue of the paternity of the minor child was effectively adjudicated in the prior divorce proceedings, from which no appeal was taken. Since the legitimacy of the child was recognized in the previous action, that issue is res judicata, and cannot now be raised by those who are bound by the prior judgment. [Cits.] Obviously, [the divorced former spouses], the parties to the prior action, are bound by their own divorce decree." Id. at 468. This Court also held that although the newly alleged putative father was a stranger to and not bound by the divorce proceedings, the former wife was a party to the divorce decree and bound by its terms; she was thereby precluded from asserting a paternity claim

---

[1] We note that Patterson contends Whitehead submitted this order ex parte.

against the newly alleged father. Id.

In *Ghrist*, a child was declared issue of the marriage in a divorce decree. After the divorce, the wife and her new husband sought to declare the child the offspring of a clandestine adulterous relationship they had conducted during the marriage, relying on a blood test showing a 99.14 percent probability that the new husband was the child's father. This Court nonetheless refused to countenance "delegitimation" of the child, holding that such a result was barred by collateral estoppel and was "contrary to law, public policy and the best interest of the child." 219 Ga. App. at 417.

3. It is apparent that *Macuch* and *Ghrist* control this case on its merits. The trial court acknowledged as much by explicitly removing the defense of collateral estoppel through the expedient of a sua sponte grant of a nonexistent "extraordinary Motion For New Trial to Timothy Glenn Spivey," a non-party to this action. This ruling has no support in law. While the trial court attempted to justify its grant of an extraordinary motion for new trial by citing *Roddenberry v. Roddenberry*, 255 Ga. 715 (342 SE2d 464) (1986), and *Dept. of Human Resources v. Browning*, 210 Ga. App. 546 (436 SE2d 742) (1993), neither case is applicable here.

In *Roddenberry*, a former husband filed an extraordinary motion for new trial, seeking to set aside a divorce decree declaring a child's paternity after a blood test revealed he could not be the child's father. The Georgia Supreme Court held that extraordinary motions for a new trial on the basis of newly available evidence are not favored:[2] "The requirements for granting an extraordinary motion for new trial are clear. On an extraordinary motion for a new trial based on newly discovered evidence, it is *incumbent on the movant* to satisfy the court: (1) that the newly discovered evidence *has come to his knowledge since the trial*; (2) that want of *due diligence* was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the *affidavit of the witness is attached* to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness." (Citations and punctuation omitted; emphasis supplied.) Id. at 717. Applying this standard to the appellant putative father in *Roddenberry*, the Georgia Supreme Court held that he had failed to meet his burden of showing due diligence in acquiring the blood test evidence, because he could have obtained it at the time of the parties' divorce. 255 Ga. at 717.

---

[2] We must assume that this fictitious motion was based on newly discovered evidence, since no such motion was ever actually filed. Whitehead makes no pertinent allegations in her petition.

In *Browning*, Browning sought to correct a "mutual mistake" in an existing paternity action after a blood test revealed he was not the father of the child. The trial court construed his "Petition for a Blood Test" as an extraordinary motion for new trial. Even with this newly discovered evidence, the case was remanded for a determination of whether Browning exercised due diligence in not having the test performed earlier. 210 Ga. App. at 548 (1) (b).

The grant or denial of an extraordinary motion for new trial is reviewed under an abuse of discretion standard, *Vroman v. Peeples*, 173 Ga. App. 592 (327 SE2d 563) (1985), but when an extraordinary motion for a new trial completely fails to set forth the supporting facts, the trial court abuses its discretion in granting it. *Hightower v. Krystal Co.*, 204 Ga. App. 823, 824 (420 SE2d 762) (1992). We find that the trial court abused its discretion in entering the orders complained of here. This is true whether (as it appears) the trial court construed Whitehead's petition as a fictitious extraordinary motion for new trial by Whitehead's former husband, Spivey, or we consider the petition as a similar motion by Whitehead herself.

Here, the trial court had no basis on which to construe *Whitehead's* paternity suit as *Spivey's* extraordinary motion for new trial. The record reflects that Spivey is not a party to this action and has filed no pleadings. It appears that he is unaware of the pendency of this action. Certainly he has not fulfilled *Roddenberry's* explicit requirements or the heavy burden placed upon the movant on an extraordinary motion for new trial because he has made no showing whatsoever.

Whitehead is likewise unable to make any showing of due diligence. As noted in *Roddenberry*, the blood test under OCGA § 19-7-45 was available at the time of the divorce in 1990. 255 Ga. at 717. Whitehead knew at the time of the divorce the person or persons with whom she had sexual relations during the probable time of conception; due diligence required the use of a blood test if she had any doubt regarding the child's paternity. Finally, it appears from the face of the settlement agreement that Whitehead knew at the time of the divorce that the child was conceived during her "bona fide state of separation" from Spivey.

"The public policy of this state favoring the institution of marriage and the legitimacy of children born during a marriage is the strongest public policy recognized by law." *Ghrist v. Fricks*, supra, 219 Ga. App. at 418. Moreover, this Court will not relieve parties of the consequences of their own fraudulent conduct. 219 Ga. App. at 421 (1). Finally, the setting aside of a judgment without notice or a hearing afforded to one of the parties to that judgment raises substantial due process concerns. See generally *Green v. Green*, 263 Ga. 551, 554-555 (437 SE2d 457) (1993). The trial court erred in construing White-

head's petition as an extraordinary motion for a new trial and in setting aside the 1990 final judgment and decree.

*Judgment reversed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997.

*Alembik, Fine & Callner, Bruce R. Steinfeld*, for appellant.
*Ted H. Reed*, for appellee.