### A03A2574. MIZE v. REGIONS BANK.
(595 SE2d 324)

SMITH, Chief Judge.

Steven Mize, appearing pro se, appeals the trial court's denial of his extraordinary motion for new trial as well as the trial court's assessment of attorney fees under OCGA § 9-15-14.[1] Because Mize failed to demonstrate that the trial court abused its discretion in denying his motion, we affirm the trial court's order in that respect. However, the trial court erred in awarding attorney fees without specifying the conduct supporting the award. We therefore vacate that portion of the trial court's order and remand for further proceedings consistent with this opinion.

1. "The grant or denial of an extraordinary motion for new trial is reviewed under an abuse of discretion standard. [Cit.]" *Patterson v. Whitehead*, 224 Ga. App. 636, 639 (3) (481 SE2d 621) (1997). "[I]t appears to be well settled that the courts do not favor extraordinary motions, and that the grounds thereof must reveal facts such as ordi-

---

narily do not occur in the transaction of human affairs . . . and which were not discoverable in the exercise of proper diligence in time to be shown during the course of the trial." (Citations omitted.) *Gibson Products Co. v. Addison*, 120 Ga. App. 37, 38 (169 SE2d 374) (1969). See also *Hightower v. Krystal Co.*, 204 Ga. App. 823, 824 (420 SE2d 762) (1992) (motion must be supported by showing of " 'some meritorious explanation' " as well as a meritorious defense).

The reason stated by Mize for his failure to file a timely motion for new trial is that "he made a mistake in reading the dates, honestly believing that the order was filed on January 27, 2003 which would have made the appeal timely." This is not an error made by the clerk's office, as in *Martin v. Children's Sesame*, 188 Ga. App. 242 (372 SE2d 648) (1988), but is entirely attributable to Mize himself. We therefore cannot say that the trial court abused its discretion in denying Mize's motion.

Mize's arguments with respect to the conduct of the hearing or argument presented cannot be considered by this court because Mize specified in his notice of appeal that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." It is Mize's responsibility to demonstrate error from the record, and he has failed to meet that burden. *Rohatensky v. Woodall*, 257 Ga. App. 801, 802 (1) (572 SE2d 354) (2002).

2. Mize incorrectly contends that attorney fees cannot be awarded because Regions Bank did not file a written motion. The trial court may assess attorney fees upon its own motion. OCGA § 9-15-14 (b). Mize correctly asserts, however, that the trial court should have included in its order express findings of fact and conclusions of law supporting the award. In *McKemie v. City of Griffin*, 272 Ga. 843 (537 SE2d 66) (2000), the Supreme Court of Georgia held:

> When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. A judgment devoid of such findings must be vacated and the case must be remanded for reconsideration. Accordingly, the case must be remanded to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it.

(Citations omitted.) Id. at 844-845 (4).

We therefore vacate the trial court's award of attorney fees and remand that portion of its order for reconsideration and the entry of express findings of fact and conclusions of law.

*Judgment affirmed in part and vacated and remanded in part. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 6, 2004 —
RECONSIDERATION DENIED FEBRUARY 17, 2004 ▆▆▆▆▆▆▆

Steven Mize, *pro se.*
John S. Jenkins, for appellee.