43345. PIKE, Administratrix, et al. v. ARMBURST.

BELL, Presiding Judge. Betty Jo Armburst filed her petition against Peggy Hunt Pike, administratrix of the estate of Thomas C. Hunt, and Bessie Hunt, seeking a determination of heirship pursuant to the provisions of an Act of 1958 (Ga. L. 1958, p. 361; *Code Ann. Ch.* 113-28). Defendants took this appeal from the trial court's judgment overruling defendants' general demurrers and sustaining plaintiff's motion to dismiss defendants' pleas of res judicata.

1. In connection with their general demurrers, defendants contend that the petition, describing one defendant as "Peggy Hunt Pike, Administratrix," was against that defendant in her

individual capacity merely and not in her representative capacity and that there existed no cause of action against either defendant Pike or defendant Hunt individually although both were alleged to be heirs of Thomas C. Hunt. This argument has no merit. The character in which a party is sued may be determined from the substance of the allegations of the petition considered in its entirety. *Jennings v. Wright & Co.*, 54 Ga. 537, 539; *Wallace v. Wallace*, 142 Ga. 408 (1) (83 SE 113); *Rowland v. Rowland*, 204 Ga. 603, 606 (50 SE2d 343). Construed as a whole, the petition shows that plaintiff seeks a determination of heirship binding on both defendants individually and on the estate of Thomas C. Hunt through the administratrix in her representative capacity. A mere formal misdescription of defendant Pike was a matter for special demurrer (*Robinson v. Ga. Savings Bank &c. Co.*, 185 Ga. 688, 695 (196 SE 395)), and could not be raised by general demurrer. Under *Code Ann.* § 113-2803 an action by one who deems himself to be an heir or to be interested as a distributee must be brought against the person charged with the duty of distribution and against all other known parties at interest except creditors of the estate. It was not error to overrule the general demurrers of both defendants.

2. A judgment of divorce making no provision for any child, rendered in an action brought by Mrs. Ethel Hunt (plaintiff's mother) against Thomas C. Hunt, in which it was alleged there was no issue of the marriage, was not binding on plaintiff, claiming here as the child of Thomas C. Hunt. See *Cason v. Walton*, 62 Ga. 427, 440; In re Cogan's Estate, 267 Wis. 20 (64 NW2d 454); In re Adoption by K, 92 N. J. Super. 204 (222 A2d 552); In re Stroope's Adoption, 232 Cal. App. 2d 581 (43 Cal. Rptr. 40); 27A CJS 742, Divorce, § 174 (5). Plaintiff was not a party to the divorce action and the issue of her parentage was not tried and determined in those proceedings. It was not error to sustain plaintiff's oral motion to dismiss defendants' pleas of res judicata.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED JANUARY 10, 1968—DECIDED MAY 9, 1968.

*Linus L. Zukas*, for appellants.
*Grady E. Rozar*, for appellee.