44366. ENGLISH et al. v. ENGLISH.

BELL, Presiding Judge. The administrator of the estate of John Wiley English made distribution to the brothers and sisters and to the children of deceased brothers of the intestate. Thereafter Glen Lewis English filed suit on the bond of the administrator alleging that he was the child and sole heir-at-law of the intestate. At the hearing on plaintiff's motion for summary judgment evidence was submitted showing in fact that plaintiff was the legitimate son of the deceased. The trial judge granted summary judgment for plaintiff. *Held:*

The presumption that a child born in wedlock is legitimate is a strong one and can be refuted only by clear proof to the contrary. *Ellis v. Woods,* 214 Ga. 105, 108 (103 SE2d 297). A judgment of divorce making no provision for any child, rendered in an action brought by the deceased intestate against plaintiff's mother, in which it was alleged there was no issue of the marriage, was not binding on plaintiff as a party or privy to the action. *Pike v. Armburst,* 117 Ga. App. 756 (2) (161 SE2d 896). As against plaintiff, a stranger to

the divorce proceedings, allegations made in those proceedings were hearsay and without probative value. *Cason v. Walton,* 62 Ga. 427, 440; *Bussey v. Dodge,* 94 Ga. 584 (1) (21 SE 151). The only other opposing evidence, an affidavit of the administrator stating that the intestate went to Oklahoma and stayed there, was insufficient to show that the possibility of access between husband and wife did not exist. Thus the evidence demanded a finding that plaintiff was the only child and heir of the deceased intestate. The trial judge properly granted summary judgment in his favor.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

Submitted April 9, 1969—Decided April 24, 1969.

*Kimzey & Kimzey, Herbert B. Kimzey, Oliver & Oliver, Robert F. Oliver,* for appellants.

*Linton K. Crawford, McClure, Ramsay & Struble, Robert B. Struble,* for appellee.