## 29831. ROBERSON v. FOOSTER.

UNDERCOFLER, Presiding Justice.

Margaret Nelson Roberson filed an action for divorce against Horace Eugene Roberson and alleged that they separated on November 17, 1970, that she was pregnant with child conceived during the marital relationship, that she should have custody of the child expected to be born in July, 1971, and that she should be awarded child support. The divorce decree stated that the complainant was, "now

pregnant with child conceived by the parties during the marital relationship" and awarded custody of the child and child support. The divorce decree was granted on February 19, 1971, the former wife married Fooster on March 26, 1971, and the child was born on July 19, 1971.

On October 24, 1973, Horace E. Roberson filed a complaint against his former wife seeking to modify the former divorce decree providing for support for the subsequently born child. The complainant contends that the subsequently born child is not his child and therefore the divorce decree should be modified to relieve him from paying child support.

The former wife moved to dismiss the complaint on the basis that it failed to state a claim; that the issue of paternity was raised, or reasonably should have been raised, and determined conclusively in the divorce proceeding; and that the complaint does not state a basis in law for modification of a final judgment or decree of permanent alimony under Code Ann. §§ 30-220, 30-221. (Ga. L. 1955, pp. 630, 631).

The former wife also moved for a summary judgment on the ground that there was no genuine issue of any material fact and that she is entitled to judgment as a matter of law based on the pleadings, the admissions on file and her affidavit.

The complainant filed an affidavit in opposition to the motion for summary judgment in which he contended that he was not the father of the child.

The trial court dismissed the complaint on the basis that it did not state a claim. The appeal is from this judgment. *Held:*

1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501.

The legitimacy of the child was a matter for decision during the divorce proceedings. *Boone v. Boone,* 225 Ga. 610 (1) (170 SE2d 414). This issue is res judicata and cannot now be raised.

2. Code Ann. § 30-221 provides: "Upon such an

application as hereinbefore authorized, the merits of whether the wife, or child or children, or both, are entitled in alimony and support are not in issue, but only whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment." (Ga. L. 1955, pp. 630, 631).

3. The trial court properly dismissed the complaint. *Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1975 — DECIDED APRIL 29, 1975 — REHEARING DENIED MAY 20, 1975.

*Marjorie King, Virginia A. Bonner,* for appellant. *J. L. Jordan,* for appellee.