67407. MACUCH et al. v. PETTEY et al.

CARLEY, Judge.

Appellee Pettey and appellant Macuch were formerly husband and wife. During their marriage, a child was conceived and born. When appellant and Pettey divorced, the terms of their settlement agreement were incorporated into the divorce decree. Pursuant to that decree, custody of the child was awarded to appellant, and Pettey was required to pay child support and was granted visitation rights. The decree was subsequently modified to provide for an increase in the amount of monthly child support to be paid by Pettey.

After the terms of the modified divorce decree had been in effect for several years, appellant instituted the instant paternity action. Appellant sought an adjudication that appellee Hoflich, rather than appellee Pettey, was the father of her child. She petitioned the court to terminate Pettey's parental rights and to impose parental responsibilities upon Hoflich. The trial court granted appellees' motion to dismiss the petition, and appellant appeals.

1. Appellant enumerates as error the granting of appellees' mo-

tion to dismiss. That motion was based upon principles of res judicata and estoppel by judgment.

OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." In the instant case, the previous divorce petition, which was filed by appellant against appellee Pettey, recited that the child was born as issue of the marriage. The settlement agreement, which was approved by the court and incorporated into the divorce decree, referred to "their" minor child in delineating the rights and duties of the parties. Thus, the issue of the paternity of the minor child was effectively adjudicated in the prior divorce proceedings, from which no appeal was taken. Since the legitimacy of the child was recognized in the previous action, that issue is res judicata, and cannot now be raised by those who are bound by the prior judgment. *Roberson v. Fooster*, 234 Ga. 444 (216 SE2d 273) (1975); *East v. Pike*, 163 Ga. App. 375 (294 SE2d 597) (1982); *Turner v. Turner*, 244 Ga. 229 (259 SE2d 479) (1979). Obviously, appellant and appellee Pettey, the parties to the prior action, are bound by their own divorce decree.

Moreover, even though appellee Hoflich was a stranger to the divorce proceedings, and is not bound by the judgment rendered therein, appellant is nonetheless precluded from asserting a paternity claim against him. "Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud or mistake. [Cits.]" *McDonald v. Hester*, 115 Ga. App. 740, 741 (155 SE2d 720) (1967). No fraud or mistake as to the paternity of the child as stipulated and agreed to by appellant in the divorce proceedings has been alleged herein. Accordingly, appellant is estopped from asserting that appellee Hoflich is the child's father.

2. Appellant maintains that, notwithstanding the judgment in the divorce proceedings, the child has an independent right of action to have her paternity adjudicated under OCGA § 19-7-40 et seq. The instant proceedings were brought by appellant both individually and as next friend of her minor daughter.

OCGA § 19-7-40 et seq. provides a statutory procedure whereby the paternity of a child may be judicially determined. However, that legislative enactment is not intended to be exclusive, but rather is in addition to and cumulative of all existing laws governing matters of paternity and child support. Ga. L. 1980, p. 1374, § 3. Since the 1980 statute is not intended to vitiate other methods of adjudicating pater-

nity, and since, in the case at bar, that issue has previously been determined in the course of divorce proceedings, the minor child is precluded from relitigating the issue if she is bound by the prior judgment.

"[O]ne party is a privy of another where there is a mutual or successive relationship to the same right. [Cit.] Privity is not established by the mere fact that the persons may happen to be interested in the same question or in proving the same state of facts. [Cit.] The privity must exist as to the prior judgment. All who are bound by it are entitled to its benefits as against the parties to it or their privies. [Cit.] 'Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment.' [Cit.]" *Smith v. Wood*, 115 Ga. App. 265, 268 (154 SE2d 646) (1967). In appellant's divorce action against appellee Pettey, the minor child was specifically named, and the final decree expressly acknowledged her and provided for her custody and support. Although she was not made a party to the divorce proceedings and was not represented therein by a guardian ad litem, appellant effectively asserted and protected the interests of the child. The child's interests were also guarded by the court in its role as parens patriae. See *Harper v. Ballensinger*, 226 Ga. 828 (177 SE2d 693) (1970). Furthermore, the child has received the benefits of the divorce judgment from the time it was entered, in the form of monetary support and visitation from appellee Pettey. Under these circumstances, we find that the child was a privy of appellant with regard to the previous judgment, and that she is precluded from raising any issues which would be foreclosed to appellant. Accordingly, the issue of paternity in the instant case cannot be relitigated in the guise of a new action brought by the child pursuant to OCGA § 19-7-40 et seq.

The case at bar is readily distinguishable from *Pike v. Armburst*, 117 Ga. App. 756 (161 SE2d 896) (1968), wherein a child was permitted to seek a determination of heirship as against a plea of res judicata based upon a prior divorce action between her putative parents. In that case, it had been alleged in pleadings for divorce that there was no issue of the marriage, and no provisions were made for a child. Thus, unlike the situation currently under consideration, the issue of paternity had not been raised or determined in the course of the divorce proceedings.

Appellant cites *Worthington v. Worthington*, 250 Ga. 730 (301 SE2d 44) (1983), decided under the 1980 statute, for the proposition that neither she nor her daughter is precluded from bringing an independent action to determine paternity. *Worthington* involved a con-

tract between the mother and the putative father of an illegitimate child. The contract, which had not been approved by the court and was not incorporated into any judgment, provided for a discharge of the putative father's duty of support upon the payment of a lump sum to the mother. The Supreme Court held that such a contract would not bar a subsequent action brought under OCGA § 19-7-40 et seq. by the mother or by the child. In *Worthington*, however, there had been no previous adjudication regarding paternity, and therefore the principles of estoppel by judgment and res judicata did not apply. In the instant case, the issue of the paternity of appellant's child has previously been adjudicated pursuant to divorce proceedings, the principles of estoppel by judgment and res judicata do apply, and the trial court did not err in granting appellees' motion to dismiss.

*Judgment affirmed. Deen, P. J., and Banke, J., concur. Deen, P. J., also concurs specially.*

DECIDED MARCH 6, 1984 —
REHEARING DENIED MARCH 26, 1984 — 

*Richard A. Katz*, for appellants.
*Lawrence A. Cooper, Gary W. Smith*, for appellees.

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, since this appears to be a case of first impression as to a child's independent right of de-legitimation, additional comments are appropriate.

Normally an unemancipated child may not sue his parents. *Maddox v. Queen*, 150 Ga. App. 408, 411 (257 SE2d 918) (1979). An exception to this rule obtains where a parent wilfully injures the child. The instant case involves a situation where a husband and wife obtained a divorce. A joint agreement was entered, stipulating the name of their offspring, and provisions were made for support of their child, all approved by the court. As I understand the appellant's position, any child in the state, including the party in the case sub judice, has an independent right of action at any time to de-legitimate, disaffiliate, disaffirm and divorce himself from his family by contending that his real father or mother is a third party, so long as a guardian ad litem or an attorney has not been appointed to protect the child's interests in a previous proceeding during which the child's parents were identified. This could mean that any or all of the adopted children in this state would have the right to go to court and have the identity of their biological parents revealed to them.

The public policy of Georgia has always encouraged family unity. Unemancipated children have not been allowed to sue their parents, because this disrupts family unity. If appellant's position is correct,

all children throughout the state would have a type of bill of rights, at any time, to renounce family harmony in their seeking of an independent action for de-legitimation status after many years of living with their purported parents. This would create family disharmony, disunity, and unrest, and I believe that it would violate the public policy of this state. Our court should liberally construe efforts toward legitimation but not in sanctioning de-legitimation.