## A90A1040. DEPARTMENT OF HUMAN RESOURCES v. BROWN.
(397 SE2d 73)

CARLEY, Chief Judge.

On August 17, 1983, the Superior Court of Stephens County approved a "consent agreement and order" in which appellee acknowledged that he was the father of E. M. D. and C. D. D. and agreed to pay to the Office of Child Support Recovery certain sums per month as reimbursement for assistance paid to or on behalf of said children. By order entered on October 10, 1985, the court approved an amended consent agreement executed by appellee which acknowledged that he was the parent of the two minor children above named as well as A. M. D. who was born on October 29, 1985. By the terms of this consent order, appellee was required to pay to the Office of Child Support Recovery certain sums per month for the support and maintenance for said children and, in addition, a specified sum per month to be applied to the arrearage accrued as of the time of the entry of that order.

Subsequently, appellant herein filed a motion for contempt alleging that appellee had willfully failed and refused to comply with the previous orders and that, as of the date of the filing of the motion for contempt, the arrearage was in the amount of $7,997.57. Appellee was duly served and a hearing was held before the superior court. At said hearing, appellee orally moved the court for an order requiring that the three minor children, their mother and appellee submit to "paternity blood testing." The superior court found that there was an arrearage under the previous orders in the amount of $8,717.57 and ordered appellee to resume making payment to the Office of Child Support Recovery in the amount of $65 per week, for current support and for the reduction of the arrearage. However, in addition, the trial court specifically ordered that the three minor children, their mother and appellee submit to paternity blood testing in order to determine if appellee was the father of said children. The order further provided: "If respondent is excluded as the father of any of said minor children, his then existing arrearage shall be reduced accordingly on a pro rata basis."

The trial court certified its order for immediate review and we granted appellant's application for appellate review.

1. The previous unappealed and unmodified superior court orders, which were based upon express consent of appellee, adjudged that appellee was the father of the three named children. Thus, the application of the doctrine of res judicata clearly proscribes the trial court's reconsideration of the issue of paternity. *Macuch v. Pettey*, 170 Ga. App. 467, 468 (317 SE2d 262) (1984); *East v. Pike*, 163 Ga. App. 375 (294 SE2d 597) (1982). See also *Roberson v. Fooster*, 234

Ga. 444 (216 SE2d 273) (1975). Accordingly, the trial court's order requiring that the minor children and their mother submit to paternity blood testing is erroneous and must be reversed.

2. Appellants also enumerate as error the portion of the trial court's order providing for a pro-rata reduction of the child support obligation of the father based upon the results of the paternity testing required by the order. In view of this Court's determination that the trial court erred in requiring the submission to paternity blood testing, it necessarily follows that the event which would cause such automatic reduction in appellee's child support obligation as a result of such blood testing will never occur. However, we do observe that, under no circumstances, would the trial court have been authorized, in this *contempt* proceeding, to modify the previous orders requiring appellee to pay child support. *Kaufmann v. Kaufmann*, 246 Ga. 266 (271 SE2d 175) (1980).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1990.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellant.

*Willie J. Woodruff, Jr.*, for appellee.