A90A1425. STILTJES v. RIDCO EXTERMINATING COMPANY, INC.
(399 SE2d 708)

McMurray, Presiding Judge.

Plaintiff Stiltjes, acting in her capacity as the administratrix of the estate of her deceased husband, filed this action against defendant Ridco Exterminating Company, Inc. ("Ridco") and another corporation. The complaint seeks damages for the pain and suffering of plaintiff's decedent due to the alleged negligence of defendants.

In a previous action, plaintiff, in her individual capacity, sought damages from defendant Ridco (and additional defendants who were eliminated from the action before trial), for the wrongful death of her husband. A jury trial resulted in a verdict for defendant Ridco. In *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778 (386 SE2d 696), we affirmed the judgment in favor of defendant Ridco in the wrongful death action.

In the case sub judice, defendant Ridco moved for summary judgment, relying upon res judicata and collateral estoppel. Plaintiff appeals from the grant of summary judgment in favor of defendant Ridco. *Held*:

"OCGA § 9-12-40 provides that 'A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-42 provides that 'For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated.' These code sections together set out the basic principles of res judicata in Georgia. For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. *Sumner v. Sumner*, 186 Ga. 390 (197 SE 833) (1938)." *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684 (333 SE2d 835).

The cause of action by the wife for the wrongful death of her husband is a separate and distinct cause of action from that of the deceased's estate for pain and suffering. *Complete Auto Transit v.*

*Floyd*, 214 Ga. 232, 235 (2) (104 SE2d 208). Thus, the claim asserted in the case sub judice is not barred by the doctrine of res judicata.

Directing our attention to the doctrine of collateral estoppel, we note that, as with res judicata, identity of parties or their privies is required in order to act as a bar to a second lawsuit. *Mills v. Roberts*, 172 Ga. App. 77, 78 (322 SE2d 93). This brings us to the question of whether plaintiff, acting in her fiduciary capacity in the case sub judice, is the same party as plaintiff acting in her individual capacity in the wrongful death action. We find that plaintiff Stiltjes in her individual capacity and in her capacity as administratrix are legally different persons. *Stanley v. Dominy*, 196 Ga. 192 (1) (26 SE2d 355); *Anderson Oil Co. v. Benton Oil Co.*, 246 Ga. 304, 306 (fn. 6) (271 SE2d 207). Since the individual plaintiff in the former action did not represent the administratrix, nor did the administratrix claim any right under the individual, the administratrix was not a privy of the individual. *Macuch v. Pettey*, 170 Ga. App. 467, 468 (2), 469 (317 SE2d 262); *Smith v. Wood*, 115 Ga. App. 265, 268 (4), 269 (154 SE2d 646). As there is no identity of parties or privity as to the judgment in the prior action, collateral estoppel is no bar to plaintiff's claims in the case sub judice. *Mills v. Roberts*, 172 Ga. App. 77, 78, supra; *A. R. Hudson Realty v. Hood*, 151 Ga. App. 778, 779 (1) (262 SE2d 189).

Furthermore, we note that several cases upon which defendant Ridco has placed reliance may be distinguished on the facts. These include *Smith v. Wood*, 115 Ga. App. 265, supra, which provides a lucid statement of several principles relevant to the issues in the case sub judice, but is not directly controlling since it involves successive actions by the same individual plaintiff.

Defendant Ridco also relies on dicta from *Janelle v. Seaboard Coast Line R. Co.*, 524 F2d 1259 (5th Cir. 1975) in which an initial unsuccessful action by the deceased's estate under the Federal Employers' Liability Act was followed by an action under Georgia's wrongful death statute. The federal court opined that the surviving spouse was barred from bringing the wrongful death action since he was in privity with the estate. Nonetheless, the sequence of events in *Janelle* is the opposite of that in the case sub judice. In the case sub judice, the action by the estate follows, rather than precedes, the action by the surviving spouse in an individual capacity. Therefore, the dicta from *Janelle* is not instructive on the issues presented in the case sub judice. The superior court erred in granting summary judgment in favor of defendant Ridco.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1990 —
REHEARING DENIED DECEMBER 4, 1990 —

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes*, for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Stephanie L. Scheier*, for appellee.