A91A1091. McGUIRE v. WITCHER.

(411 SE2d 875)

Cooper, Judge.

Appellant appeals an order in which the trial court determined that appellant was the father of appellee's son.

In 1978, appellee, mother of Marlin Johnson, swore to an affidavit and signed a subsequent warrant accusing Charles Howard Johnson ("Johnson") of wilfully and voluntarily abandoning "his" illegitimate child, Marlin Johnson. Thereafter, in a criminal proceeding initiated by the State of Georgia, Johnson pled guilty to the crime of abandonment and was ordered to pay support for Marlin Johnson. Approximately six years after Johnson's conviction, an Human Leucocyte Antigen (HLA) blood analysis was performed which excluded Johnson as the father of Marlin Johnson, yet the abandonment conviction was never vacated. In 1987, a criminal abandonment proceeding was brought by the State of Georgia against appellant with respect to Marlin Johnson and appellee's daughter. In that criminal proceeding, the jury found that appellant was not the father of appellee's daughter, and the court directed a verdict for appellant with respect to Marlin Johnson, without addressing the issue of paternity "but simply addressing the issue of whether or not the evidence [was] sufficient to support a finding that there was an intentional and willful abandonment of" Marlin Johnson. In 1988, appellee filed a civil action against appellant seeking a determination of paternity and child support, again with respect to her daughter and Marlin Johnson. HLA evidence was introduced in this action which did not exclude appellant as the father of both the children. In this action, the trial court, after hearing evidence and argument, ruled that the 1987 criminal jury verdict for appellant was res judicata as to the issue of the daughter's paternity but issued an order finding that appellant was the father of Marlin Johnson. It is from this order that appellant appeals.

In his sole enumeration of error, appellant contends that consideration of the issue of Marlin Johnson's paternity in the 1988 civil trial should have been precluded by the doctrines of res judicata and collateral estoppel because of the previous determination of paternity underlying the 1978 abandonment proceeding against Charles Johnson. We disagree. " 'For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical.

Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. [Cit.]' [Cit.]" *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990). Georgia does not generally allow the record in a criminal prosecution to act as a bar to a later civil action arising from the same transaction because the two actions are not between the same parties and because the rules as to the competency of witnesses and the weight of evidence required for a finding are different. *Webb v. McDaniel*, 218 Ga. 366 (2) (127 SE2d 900) (1962). Appellant argues that a conviction from a criminal trial prosecuted by the State of Georgia against Johnson should have a preclusive effect in a subsequent civil trial between appellee and appellant. Neither the plaintiff nor the defendant in the two actions was identical nor were they privies; one is criminal and one is civil. Therefore, pursuant to the rules enunciated above, neither res judicata nor collateral estoppel apply.

We have considered appellant's argument that since there can only be one biological father for any one child, the law should not allow the possibility for inconsistent paternity adjudications. In the instant case, biological evidence absolutely excluded Johnson as the father; giving the first adjudication preclusive effect would perpetuate, rather than eliminate any inconsistency present. Adjudications of paternity must be supported by evidence to the trier of fact and any prior adjudications that do not have preclusive effect can be used by the trier of fact for their evidentiary value in the effort to arrive at the truth in a paternity action. The case cited by appellant, *Macuch v. Pettey*, 170 Ga. App. 467 (317 SE2d 262) (1984), is distinguishable from the instant case because the plaintiff therein was identical in both actions and was estopped from taking a position in the second action inconsistent with her position in the first action. In other cases in which the issue of paternity was given a preclusive effect, the parties to the two actions were identical. See *Department of Human Resources v. Brown*, 196 Ga. App. 875 (397 SE2d 73) (1990); *Cummings v. Carter*, 155 Ga. App. 688 (272 SE2d 552) (1980). Accordingly, we do not find error in the order of the trial court.'

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1991 —
RECONSIDERATION DENIED OCTOBER 31, 1991 — 

*Richard H. Jack*, for appellant.

*Morton M. Wiggins III*, for appellee.