## A92A2338. FLEEMAN v. DEPARTMENT OF HUMAN RESOURCES.
### (430 SE2d 135)

BLACKBURN, Judge.

In March 1992, the state Department of Human Resources ("DHR") filed an action against James Fleeman pursuant to OCGA §§ 19-11-5 and 19-11-6, seeking to recover child support benefits paid on behalf of a child DHR alleged was fathered by Fleeman and to establish Fleeman's obligation for future child support payments. The trial court denied Fleeman's motion to dismiss on the ground of res judicata, but certified the order for immediate review. We granted Fleeman's application for interlocutory appeal, and this appeal ensued.

In support of his motion to dismiss, appellant filed a copy of the May 1990, final judgment and decree entered in a prior divorce action between appellant and the child's mother. In its findings of fact made a part of that judgment, the court found that appellant and the mother had married in September 1989. The court also found that "[t]he parties have no minor children who are the issue of the marriage or the issue of the parties at anytime (sic) prior to or after the marriage." Appellant contends that this judgment is binding on appellee as to the issue of his paternity of the child in question.

The doctrine of res judicata precludes readjudication of a claim already adjudicated between the parties or their privies in a prior action, and the doctrine of collateral estoppel provides the same bar as to issues previously adjudicated between the parties or their privies. McGuire v. Witcher, 201 Ga. App. 685, 686 (411 SE2d 875) (1991). The prior litigation of a divorce action between appellant and the mother resulted in a final judgment in which the court made a finding of fact that the parties had "no minor children who are the issue of the marriage or the issue of the parties." Given this express finding by the court, we conclude that any issue of paternity was effectively adjudicated in the divorce action. See Macuch v. Pettey, 170 Ga. App. 467 (317 SE2d 262) (1984). The prior divorce action is distinguishable from the litigation in Pike v. Armburst, 117 Ga. App. 756, 757 (2) (161 SE2d 896) (1968) and English v. English, 119 Ga. App. 570 (168 SE2d 187) (1969) because in those cases paternity was merely alleged in the pleadings but no provision resolving the question of children or

child support was included in the final decrees. Here, however, as in *Macuch*, supra, the issue of children was addressed and resolved in the final decree and judgment. Thus, any party who is bound by the judgment is precluded from relitigating the issue. See id. at 468 (1), 469 (2).[1]

Consequently, the question presented by this appeal is whether, as appellant asserts, appellee is bound by the factfinding in the divorce judgment so that its claim in the instant action is barred by the doctrine of res judicata. " '(W)hile res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment [or collateral estoppel] applies as between the same parties [or their privies] upon any cause of action to matters which were directly decided in the former suit.' [Cits.]" *A. R. Hudson Realty v. Hood*, 151 Ga. App. 778, 779 (1) (262 SE2d 189) (1979), overruled in part on other grounds, *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman*, 248 Ga. 580, 581 (285 SE2d 181) (1981); see *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 309 (335 SE2d 681) (1985). " 'Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denot[es] mutual or successive relationship to the same rights of property.' [Cit.]" *Roberts v. Hill*, 81 Ga. App. 185, 186 (3) (58 SE2d 465) (1950).

Appellee has asserted claims against appellant under two provisions of the Child Support Recovery Act (the "Act") (OCGA § 19-11-1 et seq.), OCGA §§ 19-11-5 and 19-11-6 (a). OCGA § 19-11-6 (a) provides that any recipient of public assistance paid for or on behalf of a child is deemed to have assigned to appellee the right to any child support claim owed for the child. Appellee's claim under OCGA § 19-11-6 (a) may be asserted by appellee only as the assignee of the mother's child support rights, and accordingly appellee stands in the shoes of the mother for purposes of the claim under OCGA § 19-11-6 (a). *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 524, n. 5 (423 SE2d 383) (1992). Appellee, as the mother's assignee, is thus a privy of the mother as to the child support claim under OCGA § 19-11-6 (a). See *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149, 150-151 (6 SE2d 126) (1939) (assignee has mutual or successive relationship with assignor and is privy of assignor). Consequently, absent fraud that would cause the divorce judgment to be set aside, *Great Atlantic Ins. Co. v. Morgan*, 161 Ga. App. 680 (288 SE2d 287) (1982), appellee is collaterally estopped from again adjudicating the paternity issue

---

[1] In this action, as in *Macuch*, paternity was adjudicated in a divorce action, not in a proceeding brought under OCGA § 19-7-40 et seq. Accordingly, OCGA § 19-7-44, cited by the dissent, does not apply.

against appellant in an action under OCGA § 19-11-6 (a). See *Travelers Ins. Co.*, supra (insurer, who stands in shoes of insured for purpose of subrogation claim, is estopped from litigating the issue of alleged tortfeasor's liability to insured after prior litigation between insured and alleged tortfeasor resulted in judgment against insured); see also *Dept. of Human Resources v. Brown*, 196 Ga. App. 875, 876 (1) (397 SE2d 73) (1990) (consent decree in prior child support action adjudging that appellee was father of children precluded him from denying paternity in subsequent suit brought by DHR to recover past due child support payments).

OCGA § 19-11-5 establishes that the payment of any such public assistance creates a debt owed to the state by the parents responsible for the child's support. For purposes of the Act, "parent" is defined as, inter alia, "the father of a child born out of wedlock if his paternity has been established in a judicial proceeding." OCGA § 19-11-3 (5). In this action, appellee has sought to establish appellant's paternity under the procedure set forth in OCGA § 19-7-40 et seq. "[T]hat legislative enactment is not intended to be exclusive, but rather is in addition to and cumulative of all existing laws governing matters of paternity and child support. [Cit.] Since the [procedure in OCGA § 19-7-40 et seq.] is not intended to vitiate other methods of adjudicating paternity, and since, in the case at bar, that issue has previously been determined in the course of divorce proceedings, [appellee] is precluded from relitigating the issue if [it] is bound by the prior judgment." *Macuch*, supra at 468-469 (2).

Since under OCGA § 19-11-3 (5) a finding of paternity in another "judicial proceeding" is determinative of the issue of paternity in an action under the Act, the legislature necessarily intended that appellee would be a privy of the parties in such a proceeding and thus would be bound by such a judgment for purposes of its claims under the Act. Appellant's paternity having been adjudicated in a judicial proceeding, see *Macuch*, supra at 468 (1), pursuant to OCGA § 19-11-3 (5) appellee is bound by the judgment in that prior proceeding and, absent fraud, is collaterally estopped from relitigating the issue of paternity in this action brought under OCGA § 19-11-5. See *Macuch*, supra at 468-470; see also *Dept. of Human Resources v. Brown*, supra.

Accordingly, we reverse the trial court's denial of appellant's motion to dismiss.

*Judgment reversed. Birdsong, P. J., Cooper, Andrews, Johnson, JJ., and Justice George H. Carley concur. Pope, C. J., McMurray, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the language of the divorce decree entered on July 23, 1990, between James Fleeman and

Allyson Fleeman stating that "[t]he parties have no minor children who are the issue of the marriage or the issue of the parties at anytime prior to or after the marriage" is too broad and incidental to resolve the issue of the child's paternity and that, as a consequence, neither the child nor DHR is barred from challenging James Fleeman's claim that he is not the father of the minor child. Further, it is my view that any attempt to resolve the child's paternity in the prior divorce action is a nullity as there is no indication that the minor child was made a party to the prior divorce action or that the child's interests were protected by a guardian ad litem (or any other party) as mandated by OCGA § 19-7-44 (a).

" ' "[C]ollateral estoppel . . . only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. (Cit.)" (Cit.)' *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990)." *McGuire v. Witcher*, 201 Ga. App. 685, 686 (411 SE2d 875).[2] In the case sub judice, the final judgment and decree of divorce between James Fleeman and Allyson Fleeman provides that "[t]he parties have no minor children who are the issue of the marriage or the issue of the parties at anytime prior to or after the marriage." However, the child is not mentioned in the final judgment and decree of divorce and there is no evidence that the child's paternity was actually tried and determined in the proceedings leading to the parties' divorce. Nonetheless, the majority cites *Macuch v. Pettey*, 170 Ga. App. 467, 468 (2), 469 (317 SE2d 262), in support of the view that the prior divorce decree between James Fleeman and Allyson Fleeman constitutes an adjudication of the child's paternity.

In *Macuch v. Pettey*, supra, the trial court dismissed a paternity action which had been filed several years after the entry of a final decree of divorce providing for custody and support of the parties' minor child. On appeal, this court held that the paternity action is barred by the doctrines of res judicata and estoppel by judgment and reasoned that a settlement agreement, which was approved by the trial court and incorporated into the parties' divorce decree, resolved the issue of paternity by referring to the minor child and providing for the child's custody and support. *Macuch v. Pettey*, 170 Ga. App. 467 (1), 468, supra. The case sub judice is distinguishable as the di-

---

[2] The majority states that DHR is privy to the prior divorce action by virtue of assignment of the mother's child support rights under OCGA § 19-11-6 (a) and cites *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 524, n. 5 (423 SE2d 383), wherein the Supreme Court states that a "father should be able to raise against DHR whatever claims and defenses he might have had against the mother. . . ." Id. This logic may apply where DHR is only seeking to establish future child support under OCGA § 19-11-6 (a), but I do not believe the same logic applies when DHR is exercising its independent right to establish paternity under OCGA § 19-11-13 as in the case sub judice.

vorce decree between James Fleeman and Allyson Fleeman neither identifies the minor child nor provides for the child's custody and support. In fact, there is no indication that Allyson Fleeman's minor child was recognized or that his rights were considered in the proceeding leading to final judgment and decree of divorce entered on July 23, 1990.

"A judgment in a divorce proceeding determining an incidental fact which may be relevant to paternity of a child is not res judicata of such fact as against the child whose paternity is in question. A judgment of divorce, making no provision for any child, rendered in an action in which it was alleged that there was no issue of the marriage, [does] not bind a person claiming to be the child of the husband in the divorce proceedings, where such person was not a party to the divorce proceedings and the issue of his parentage was not actually tried and determined therein." 27A CJS 613, 614, Divorce, § 266 (b). See *English v. English*, 119 Ga. App. 570 (168 SE2d 187) and *Pike v. Armburst*, 117 Ga. App. 756, 757 (2) (161 SE2d 896). In the case sub judice, there is no evidence that the child was a party to the prior divorce action and there is nothing in the record indicating that the issue of the child's paternity was actually tried and determined therein. Under these circumstances, neither DHR nor the child is bound by the broad and incidental language of the prior divorce decree. Accordingly, I would affirm the denial of James Fleeman's motion to dismiss and allow DHR to seek resolution of the child's paternity under OCGA § 19-11-13 and, if successful, recover past and future child support under OCGA §§ 19-11-5 and 19-11-6 (a).

Further, it is my view that any attempt to resolve the minor child's paternity in the prior divorce action, without making the child a party to the action and without the appointment of a guardian ad litem as required by OCGA § 19-7-44 (a) or without otherwise protecting the child's interests, is a nullity. See 70 ALR4th 1033.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED MARCH 17, 1993 —
RECONSIDERATION DENIED MARCH 23, 1993 ▮▮▮▮▮▮▮

*Charles R. Desiderio*, for appellant.
*Lindsay A. Tise, Jr.*, District Attorney, *Sherry S. Ellison*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *William C. Joy*, Senior Assistant Attorney General, *William M. Droze*, Assistant Attorney General, for appellee.