A93A0104. DEPARTMENT OF HUMAN RESOURCES
v. HURST.
(432 SE2d 236)

SMITH, Judge.

The Department of Human Resources of the State of Georgia (DHR), acting in the interest of a minor child, initiated this contempt action against Steve Hurst to recover an arrearage in child support payments due pursuant to a prior divorce decree. Hurst filed an answer and counterclaim, asserting that the mother of the child had informed him subsequent to their divorce that he was not the child's father. In response to Hurst's request, the trial court ordered blood tests for Hurst, the mother, and the child. The trial court then certified this decision for immediate review because of the conflict with the prior divorce decree, which had established that Hurst was the child's father. We granted DHR's application for interlocutory appeal, and DHR filed this appeal.

The parties agree that the final judgment and decree entered in the 1984 divorce action established that appellee was the father of the minor child and set forth visitation rights and child support obligations. Appellant contends this prior judgment constituted a binding determination of paternity so that appellee is barred by the doctrine of res judicata from again litigating the issue of paternity.

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." The prior divorce litigation between appellee and the child's mother resulted in a final judgment in which the rights and obligations of the divorcing parties to their minor child were established. Appellee acknowledges that this final divorce decree was not appealed or set aside. The issue of paternity therefore was effectively adjudicated in the prior divorce action. See *Macuch v. Pettey,* 170 Ga. App. 467, 468 (1) (317 SE2d 262) (1984); see also *Fleeman v. Dept. of Human Resources,* 208 Ga. App. 97 (430 SE2d 135) (1993). As a party to that prior action, appel-

lee is bound by that judgment. The issue of paternity is res judicata as to appellee, and he cannot again litigate the issue of paternity in this proceeding. *Dept. of Human Resources v. Brown*, 196 Ga. App. 875 (1) (397 SE2d 73) (1990); see *Macuch*, supra. The order requiring that appellee, the mother, and the minor child submit to blood tests is erroneous and must be reversed. *Brown*, supra at 876 (1).

*Judgment reversed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

Under the particular facts of this case, I concur with the majority opinion that the appellee is barred from contesting the issue of his paternity. However, I wish to express some reservations about the absolute rule regarding the application of the doctrine of res judicata endorsed by the majority opinion.

Generally, where a final judgment in a prior divorce proceeding adjudicates the issue of paternity, the father is bound by that judgment and may not resurrect the issue in a subsequent child support or contempt proceeding brought against the father by the Department of Human Resources. See *Macuch v. Pettey*, 170 Ga. App. 467 (1) (317 SE2d 262) (1984). However, there are exceptions to that general rule, one of which must be where the prior judgment was obtained by fraud.

In *Macuch*, in holding that the appellant was estopped from disputing paternity because of a prior divorce judgment which addressed that issue, this court specifically emphasized the absence of any allegation of fraud or mistake over the paternity of the child as stipulated in the divorce decree. In *Fleeman v. Dept. of Human Resources*, 208 Ga. App. 97 (430 SE2d 135) (1993), this court again noted that paternity could not be relitigated, *"absent fraud* that would cause the divorce judgment to be set aside." (Emphasis supplied.)

If ever there was fraud that would cause setting aside a divorce judgment ordering a man to pay child support, concealing another man's paternity of the child would be such fraud. However, in order to prevent subsequent denials of paternity that are themselves fraudulent, before a party should be allowed to contest a prior adjudication of paternity based on fraud, the party should be required to produce convincing evidence of the fraud, and to pay into the court registry the child support obligation established under the prior judgment during the pendency of the subsequent proceeding. (Presumably, the other parent would need to be joined, in order to facilitate setting aside that fraudulent prior judgment.)

In the instant case, if the appellee already had in his possession a valid blood test that demonstrated his non-paternity of the child, the result here would very likely be different. However, the appellee actu-

ally presented no evidence supporting his claim that the prior adjudication of his paternity was obtained through fraud. Rather, he merely asserted in his unverified answer and counterclaim that, following the divorce decree, his ex-wife told him that he was not the father of the child.

Mere allegations of fraud are insufficient to allow challenging a prior adjudication of paternity based on fraud. For that reason, I agree with the majority opinion that the trial court erred in allowing the appellee to relitigate his already-established paternity.

DECIDED JUNE 2, 1993.

*Michael J. Bowers*, Attorney General, *William C. Joy*, Senior Assistant Attorney General, *Teresa E. Lazzaroni*, Staff Attorney, for appellant.

*G. Martin Adcock*, for appellee.