S93G1051. DEPARTMENT OF HUMAN RESOURCES et al.
v. FLEEMAN.
(439 SE2d 474)

HUNT, Presiding Justice.

The issue presented in this appeal is whether the Department of Human Resources (DHR) is precluded by the doctrine of collateral estoppel, or otherwise, from recovering from the alleged father child support benefits paid on behalf of a child, and from establishing the alleged father's future obligations for child support, where the divorce

decree between the mother and the alleged father states that the parties had no minor children. We granted certiorari to *Fleeman v. Dept. of Human Resources*, 208 Ga. App. 97 (430 SE2d 135) (1993), in which the Court of Appeals held DHR is barred in this action by the doctrine of collateral estoppel, and by the terms of the Child Support Recovery Act, OCGA § 19-11-1 et seq. We reverse.

The divorce decree between Fleeman and the mother includes, as a finding of fact, that "the parties have no minor children who are the issue of the marriage or the issue of the parties . . . prior to or after the marriage." After the divorce, the mother applied for, and received, Aid To Families With Dependent Children (AFDC) benefits on behalf of the minor child, and DHR commenced this action against Fleeman. In deciding whether DHR may pursue its action against Fleeman, we look first to the nature of DHR's claims in this case, and second to the application of collateral estoppel, or other defenses, to those claims.

1. DHR, alleging Fleeman was the child's father, cited §§ 19-11-5 and 19-11-6 (a) of the Child Support Recovery Act as the basis for its claims against Fleeman for reimbursement for amounts paid on the child's behalf, and for an order establishing Fleeman's future support obligations. These two Code sections provide, in pertinent part, as follows:

> The payment of public assistance to or on behalf of a child creates a debt due and owing the state by the parent or parents responsible for the support of the child. . . .

OCGA § 19-11-5.

> By accepting public assistance for or on behalf of a child or children . . . the recipient shall be deemed to have made an assignment to the department of the right to any child support owed for the child. The department shall be subrogated to the right of the child or children or the person having custody to initiate any support action existing under the laws of this state . . . .

OCGA § 19-11-6 (a).

2. (a) DHR is not collaterally estopped from asserting a claim under OCGA § 19-11-6 (a) against Fleeman. Collateral estoppel precludes readjudication of an issue previously adjudicated between the parties or their privies in another action. *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985). See generally OCGA § 9-12-40. The Court of Appeals correctly held that the mother is collaterally estopped, based on the divorce decree, from claiming Fleeman is the child's father. Thus, to the extent DHR "stands in the mother's

shoes" in asserting that claim, it is in privity with her and is likewise barred. However, OCGA § 19-11-6 (a) provides that DHR is subrogated to "the right of the child . . . *or* the person having custody" to seek support or recover support payments. The child was not a party to or represented in the divorce proceeding, and is not a privy to either of the parties. Because the child is not bound by the provisions of the divorce decree, collateral estoppel does not bar DHR in its claim under OCGA § 19-11-6 (a) insofar as DHR is pursuing that claim on the child's behalf. See *Pike v. Armburst*, 117 Ga. App. 756, 757 (2) (161 SE2d 896) (1968); see generally Annotation: Effect, In Subsequent Proceedings, Of Paternity Findings Or Implications In Divorce Or Annulment Decree Or In Support Or Custody Order Made Incidental Thereto, 78 ALR3d 846, 854-856 (1977). Compare *Macuch v. Pettey*, 170 Ga. App. 467, 469 (2) (317 SE2d 262) (1984).

(b) Contrary to the holding of the majority of the Court of Appeals, and to Fleeman's argument, DHR may pursue a claim against Fleeman under OCGA § 19-11-5, which section creates a direct and independent (that is, not resulting from an assignment) debt to the state by the "parent or parents responsible for the support of the child," which debt DHR may pursue on behalf of the state.[1] We disagree with the Court of Appeals majority which held that Fleeman is not the child's "parent," as used in OCGA § 19-11-5 because of the definition of that word set forth in OCGA § 19-11-3 (5):

the natural or adoptive parents of a child and includes the father of a child born out of wedlock[2] *if his paternity has been established in a judicial proceeding* or if he has acknowledged paternity under oath either in open court, in an administrative hearing, or by verified writing.

(Emphasis supplied.)

We do not construe the divorce decree containing the finding that Fleeman and the mother had no children, to be the sort of judicial proceeding in which "paternity has been established." Rather, we find that the judicial proceeding referred to in this section is one for the specific purpose of determining paternity, see OCGA § 19-7-43, or one in which the issue of paternity was clearly raised and litigated by the parties, and determined by the finder of fact. The divorce decree, and its finding that the parties had no children, a finding which was apparently incorporated into the decree simply because it was a pro-

---

[1] In this action, DHR seeks to establish Fleeman's paternity, and to recover from Fleeman support paid to the child by DHR. See *DHR v. Carlton*, 174 Ga. App. 30 (329 SE2d 181) (1985).

[2] According to DHR, the child was born before Fleeman and the mother married.

vision of the parties' agreement, is not a judicial proceeding establishing paternity within the meaning of OCGA § 19-11-3 (5).[3]

3. The foregoing analysis of the Child Support Recovery Act is consistent with one of the purposes of that act which is to enforce an able parent's obligation to furnish support for his or her child. OCGA § 19-11-2; *Cox v. Dept. of Human Resources*, 255 Ga. 6, 7 (334 SE2d 683) (1985); see also OCGA § 19-7-24 (regarding each parent's obligation to support a child born out of wedlock). It would be incongruous, and contrary to the spirit and letter of the Child Support Recovery Act, and to public policy, if the divorce decree in this case could deter DHR in its capacity as enforcer of child support obligations, and excuse Fleeman, if he is shown to be the child's father,[4] from his support obligations for the minor child.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge David L. Cavender concur. Carley, J., disqualified.*

DECIDED JANUARY 31, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellants.

*Charles R. Desiderio,* for appellee.

---

[3] It does not appear that the question of paternity in this case was litigated, or independently determined by the trial court based on any evidence other than the parties' agreement.

[4] The burden, of course, would be upon DHR to prove that Fleeman is, indeed, the father.