A95A0165. DEPARTMENT OF HUMAN
RESOURCES v. GELINAS.
(455 SE2d 76)

ANDREWS, Judge.

The Department of Human Resources (DHR) ex rel. Jeffrey Bovat brought a petition under the Uniform Reciprocal Enforcement of Support Act (URESA) seeking child support from Gelinas, alleged to be the father of Jeffrey Bovat. The trial court entered an order upholding Gelinas' defense of res judicata as to the issue of paternity and dismissing the child support petition. We granted DHR's application for a discretionary appeal from the trial court's dismissal order.

The trial court determined that the paternity issue was or could have been litigated in a previous URESA action brought by the mother in 1982 and that Gelinas' res judicata defense as to the paternity issue was upheld in two unappealed dismissal orders in subsequent URESA petitions brought by DHR on the relation of the mother in 1989 and 1991. Accordingly, the trial court dismissed the petition and ruled that Gelinas' defense that he was not the child's father was res judicata.

It does not appear that the paternity issue was decided in the original 1982 dismissal order. The 1982 order provided that because "[p]aternity has not been established and petitioner or the State of Connecticut will not pay for [the] cost of [a] blood test[,] [n]o support should be granted, therefore, [the] case is hereby dismissed."

Although generally the principle of res judicata renders a judgment "conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue . . ." (OCGA § 9-12-40), the rule less strictly applied in this type of case is "that a final decree has the effect of binding the parties and their successors as to all matters which were actually put in issue and decided, or which by necessary implication were decided between the parties." (Citations and punctuation omitted.) *Brookins v. Brookins*, 257 Ga. 205, 207-208 (357 SE2d 77) (1987). The 1982 order expressly states that the paternity issue was not decided so the issue was not res judicata. Compare *East v. Pike*, 163 Ga. App. 375, 376 (294 SE2d 597) (1982) (paternity issue was decided in previous divorce proceeding and, therefore, was res judicata in the subsequent URESA petition); *Macuch v. Pettey*, 170 Ga. App. 467, 468 (317 SE2d 262) (1984); *Hardy v. Arcemont*, 213 Ga. App. 243, 245 (444 SE2d 327) (1994); see *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757-758 (439 SE2d 474) (1994).

The trial court erred by dismissing the petition.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 23, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995 — ▮▮▮▮▮

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Richard A. Gordon,* for appellee.