**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 11, 2019**

# In the Court of Appeals of Georgia

A19A0324. BROOKS v. LOPEZ.                                        DO-013

DOYLE, Presiding Judge.

In this interlocutory appeal, Shane Brooks appeals from a superior court order granting a motion for genetic testing filed by his ex-wife, Crystal Lopez, as part of her petition to modify custody and child support. Brooks contends that the superior court erred because (1) relitigation of the issue of his paternity is barred by collateral estoppel due to the final order in the parties' prior divorce proceeding, (2) there is no evidence that genetic testing is in the best interest of the child, (3) and the superior court granted the motion for genetic testing without allowing Brooks 30 days to respond. For the reasons that follow, we reverse.

The undisputed portion of the record shows that in 2008, Lopez, who was dating Brooks, gave birth to a child. Although the couple was not married, Brooks

signed the child's birth certificate, and the child was given Brooks's last name; the couple later married in 2010. In 2011, the couple divorced, and pursuant to their settlement agreement, they shared joint legal and physical custody of the child, with Brooks having primary physical custody due to Lopez's school schedule.

In July 2017, Lopez, acting pro se, filed a petition for modification of custody and child support, seeking a change in custody because she alleged that Brooks was moving from Butts County to Cobb County, which would hinder her visitation.[1] Brooks answered and denied the allegations in Lopez's petition. In September 2017, Lopez then amended the petition, alleging that the couple had always known that another man, Chad Gregorious, was the child's biological father. Lopez also alleged that she agreed to the divorce settlement stating that "there is one minor child born as a result of this marriage" because she lacked counsel at the time of the divorce. In December 2017, Brooks moved for a continuance so that he could obtain local counsel in Cobb County, pointing out that their divorce decree and settlement agreement characterized Brooks and Lopez as the child's parents. He attached the final decree and incorporated settlement agreement to the motion. A hearing date was

---

[1] The Butts County Superior Court soon transferred the case to Cobb County due to the lack of personal jurisdiction over Brooks in Butts County.

set for May 21, 2018, so the court could make a temporary determination as to custody. At that hearing, Brooks moved to dismiss any de-legitimation claim on collateral estoppel grounds, citing the divorce decree. The court declined to make a ruling, instead inviting further briefing on the paternity issue.

On June 5, 2018, Lopez again amended her claim, arguing that Brooks was not the biological father and seeking either sole legal custody or joint legal custody with primary physical custody of the child. Also on that date, Lopez filed a motion for genetic testing to demonstrate that Brooks is not the biological father of the child. On June 21, 2018, sixteen days later, the superior court entered an order granting Lopez's motion for genetic testing. A week later, Brooks moved for reconsideration or for a certificate of immediate review, noting that the court had ruled without allowing Brooks 30 days to respond to the motion pursuant to Uniform Superior Court Rule 6.2. The next day, the superior court entered a certificate of immediate review.

The following week, on July 2, 2018, Brooks filed an affidavit attesting to the facts surrounding his divorce and authenticating additional attached copies of his 2011 complaint for divorce as well as copies of the divorce decree and settlement agreement already filed with the court as exhibits to his motion for a continuance. Lopez likewise moved for temporary emergency custody of the child; Brooks

3

opposed the motion, and the superior court made no further rulings. On July 31, 2018, this Court granted Brooks's application for interlocutory review, and Brooks filed his notice of appeal in the superior court the next day.

At the outset, we note that Lopez has moved this Court to exclude from consideration the documents Brooks filed after the superior court's ruling granting genetic testing, i.e., the affidavit, divorce petition, divorce decree, and settlement agreement filed on July 2, 2018. Although appellate jurisdiction did not vest in this Court until Brooks filed his notice of appeal,[2] which occurred after he filed the challenged documents in the superior court, it is undisputed that the challenged documents were filed after the superior court entered the order at issue in this case, so they were not before the court when it ruled. Nevertheless, Brooks earlier had filed with the superior court exhibits including the parties' divorce decree and settlement agreement, and Lopez did not challenge those documents, so those documents were before the court when it ruled. Lopez likewise makes no challenge to those particular documents on appeal (only the later-filed documents), so any objection to

---

[2] See *Grogan v. City of Dawsonville*, 305 Ga. 79, 82 (2) (823 SE2d 763) (2019) (citing OCGA § 5-6-34 (b)) ("Once the trial court and then an appellate court grant a party permission to appeal an interlocutory order, the party must file a notice of appeal within a specified period to confer jurisdiction on the appellate court.")

consideration of those documents is waived.[3] In light of this, we need not look beyond the record before the superior court to resolve the appeal, and we deny as moot Lopez's motion to exclude the late-filed documents.

1. Brooks argues that the superior court erred by granting the petition for genetic testing because the issue of his paternity had been resolved in a prior judicial proceeding between the parties. We agree.[4]

> OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was

---

[3] See *Williams v. Durden*, 347 Ga. App. 363, 367 n.2 (819 SE2d 524) (2018) (holding that a party's failure to object waived any challenge to admissibility on authentication grounds); *Tselios v. Sarsour*, 341 Ga. App. 471, 474, n. 3 (800 SE2d 636) (2017) (defendant waived authentication objection to exhibit submitted at summary judgment stage by failing to object in trial court). See also *Cotton v. State*, 297 Ga. 257, 259 (3) (773 SE2d 242) (2015) (holding that a defendant's failure to make an objection in the trial court as to authentication waived that ground for exclusion of evidence) (citing OCGA § 24-1-103 (a) (1)). See generally OCGA § 24-9-901 (b) (4) (the appearance and content of a document may be evidence of its authenticity); *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 8 (679 SE2d 57) (2009) (accord).

[4] In light of the ruling of the trial court below and the procedural posture of this case, we pretermit whether the child was legitimate under OCGA § 19-7-20 (c) ("The marriage of the mother and reputed father of a child born out of wedlock and the recognition by the father of the child as his shall render the child legitimate; in such case the child shall immediately take the surname of his father.").

5

rendered until the judgment is reversed or set aside." In the instant case, the previous divorce [decree], which [action] was filed by appellant [Brooks] against appellee [Lopez], recited that the ["parties shall share joint legal custody of *the parties['] minor child*," awarding primary physical custody to Brooks.] The settlement agreement, which was approved by the court and incorporated into the divorce decree, [stated that "there is one minor child born as a result of this marriage."] Thus, the issue of the paternity of the minor child was effectively adjudicated in the prior divorce proceedings, from which no appeal was taken. Since the legitimacy of the child was recognized in the previous action, that issue is res judicata, and cannot now be raised by those who are bound by the prior judgment. . . . Appellant [Brooks] and appellee [Lopez], the parties to the prior action, are bound by their own divorce decree.[5]

Lopez alleges no fraud or mistake on her part that would vitiate the conclusive nature of the prior divorce action, which she neither contested nor appealed. Therefore, consistent with a number of similar cases addressing the re-litigation of paternity following a divorce decree settling the issue, we hold that Lopez is estopped in this action from challenging the paternity established in her divorce.[6]

---

[5] (Citations and punctuation omitted; emphasis supplied.) *Macuch v. Pettey*, 170 Ga. App. 467, 468 (1) (317 SE2d 262) (1984).

[6] See, e.g., *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757-758 (2) (a) (439 SE2d 474) (1994) (noting that a mother would be collaterally estopped from relitigating the paternity question settled in her divorce decree); *Grice v. Detwiler*, 227 Ga. App. 280, 282 (488 SE2d 755) (1997) (giving effect to paternity established

6

Lopez argues that this case should be controlled by *Veal v. Veal*.[7] In that case, the mother gave birth to a daughter, H., and although both parties knew that her then-boyfriend was not the child's biological father, he signed the birth certificate; the couple married the next month. They went on to have three additional children during their marriage, but a few years later, they divorced. The divorce decree made no mention of H. The next year, the ex-husband challenged the divorce decree, and a temporary order was entered granting joint custody of H. Thereafter, due to a change in circumstances affecting H., the trial court awarded full custody of H. to the husband.[8] After the wife appealed, the Supreme Court held that the trial court erred

---

in divorce decree where "the ex-wife sought to attribute paternity to another man after raising the child as offspring of this marriage for an extended period of time"), citing *Ghrist v. Fricks*, 219 Ga. App. 415, 417 (1) (465 SE2d 501) (1995) ("'Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud, or mistake.'"), overruled on other grounds by *Brine v. Shipp*, 291 Ga. 376, 380 (3) (729 SE2d 393) (2012).

[7] 281 Ga. 128 (636 SE2d 527) (2006).

[8] See id.

7

by making that award because the ex-husband had no rights to H. in light of the fact that he had never adopted H. nor legitimated her as provided by OCGA § 19-7-22.[9]

Notably, in *Veal*, the prior divorce decree did not address paternity over the child at issue, nor did the *Veal* Court engage in any res judicata or collateral estoppel analysis. Thus, the Supreme Court in that case was not presented with the question raised here – the adjudicative effect of the parties' prior divorce decree with respect to paternity over the child presently at issue – therefore *Veal* does not control our decision here.

Based on the binding nature of the parties' divorce decree and settlement establishing Brooks's paternity, and in light of the rule established by case law addressing this question, the trial court erred by granting Lopez's motion for genetic testing for the purpose of challenging Brooks's paternity.

2. Brooks's remaining enumerations are moot.

*Judgment reversed. Coomer and Markle, JJ., concur.*

---

[9] See id. at 128-129.